1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEXANDER J. HARWIN, SB# 225254
2 |   E-Mail: Alexander.Harwin@lewisbrisbois.com
633 West 5th Street, Suite 4000
3 | Los Angeles, California 90071
Telephone: 213.250.1800
4 | Facsimile: 213.250.7900

5 | Attorneys for Defendant, Amplity, Inc.

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| | |
|---|---|
| RUKIYA GORDON, an individual, | Case No. |
| Plaintiff, | **HARWIN DECLARATION IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY OF CITIZENSHIP]** |
| vs. | |
| AMPLITY HEALTH, an unknown business entity, AMPLITY, INC., a corporation and DOES 1-10, DOES 11-20 and DOES 21-20, inclusive, | Trial Date:          None Set |
| Defendants. | |

18

19 |     I , Alexander J. Harwin, declare as follows:

20 |     1.     I am an attorney duly admitted to practice in all of the courts of the

21 | State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP,

22 | attorneys of record for Amplity, Inc.  The facts set forth herein are of my own

23 | personal knowledge, and if sworn I could and would competently testify thereto.

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

133435440.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2.      On October 31, 2023, Plaintiff Rukiya Gordon ("Plaintiff"), by and through her attorney, filed a civil action against Defendant, Amplity, Inc. in the Superior Court of the State of California for the County of Los Angeles, entitled *Rukiya Gordon vs. Amplity Health,* et. al., Case No. 23AVCV01245 ("Complaint"). On February 20, 2024, Plaintiff's counsel Steven Waisbren sent me an e-mail attaching the Notices of Acknowledgement and Receipts, along with the Summons, Complaint, and associated documents for both Amplity, Inc and Amplity Health.  A true and correct copy of the Summons and Complaint, and other accompanying documents filed on October 31, 2023 in this matter and provided to me by Mr. Waisbren on February 20, 2024 as to Amplity, Inc. are attached hereto as **Exhibit 1**.

3.      On February 20, 2024, Plaintiff's counsel Steven Waisbren wrote to me to advise that a Case Management Conference has been scheduled for February 28, 2024 at 8:30 a.m. in Dept. A15 of the Antelope Valley courthouse.

4.      On February 27, 2023, I executed the Notice of Acknowledgment of Receipt for Amplity, Inc. and instructed my secretary to e-mail it to Plaintiff's counsel which she did.  As "Amplity Health" is a trade name and not an entity separate from Amplity, Inc., I solely executed Notice of Acknowledgment of Receipt for Amplity, Inc.  A true and correct copy of my execution of the Notice of Acknowledgment of Receipt for Amplity, Inc. is attached hereto as **Exhibit 2**.

5.      On February 27, 2023, Defendant filed an answer to Plaintiff's complaint.  A true and correct copy of Defendant's answer to Plaintiff's complaint is attached as **Exhibit 3**.

6.      I have practiced law as an attorney since June 2003 and have spent the majority of my practice since 2008 defending employers and their employees. Based upon my experience in this field, I conservatively estimate Plaintiff's counsel's hourly rate to be at or in excess of $350 per hour.  Based on my experience in this field, I conservatively estimate that the amount in controversy in this case, inclusive of attorneys' fees and potential punitive damages, well exceeds

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  $75,000.  My estimate is based upon damages award trends in similar employment

2  cases and my litigation experience over the years.

3         7.     My office will promptly serve a copy of Defendant's Notice of

4  Removal and all supporting papers on Plaintiff's counsel and will also promptly file

5  a copy of the Notice and all supporting papers with the Clerk of the Superior Court

6  for the State of California, County of Los Angeles.

7       I declare under penalty of perjury under the laws of the United States of

8  America that the foregoing is true and correct and that this declaration was executed

9  on this 27th day of February, 2024, at Los Angeles, California.

10

11

12

13                         _____

14                         ALEXANDER J. HARWIN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HARWIN DECLARATION IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441(b) [DIVERSITY OF CITIZENSHIP]

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT "1"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMPLITY HEALTH, an unknown business entity, AMPLITY, INC, a corporation, and
DOES 1-10, DOES 11-20, and DOES 21-30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RUKIYA GORDON, an individual

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/31/2023 2:55 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Simon, Deputy Clerk**

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Michael Antonovich Courthouse
42011 4th Street West

Lancaster, CA 93534

</td>
<td>

CASE NUMBER:
*(Número del Caso):*

**23AVCV01245**

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven Waisbren, Esq./L/O of Steven Waisbren 5850 Canoga Ave., #400, Woodland Hills, CA 91367 Tel: 818 710-7102

<table>
<tr>
<td>

DATE:
*(Fecha)* 10/31/2023

</td>
<td>

Clerk, by
*(Secretaria)* _____ D. Simon

</td>
<td>

, Deputy
*(Adjunto)*

</td>
</tr>
</table>

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

<table>
<tr>
<td>

[SEAL]

</td>
<td>

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

</td>
</tr>
</table>

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Steven Waisbren, Esq./Law Offices of Steven Waisbren (SBN 116315)
5850 Canoga Ave., Suite 400, Woodland Hills, CA 91367

TELEPHONE NO.: (818) 710-7102   FAX NO. (Optional): (818) 532-1214
E-MAIL ADDRESS: steve@waisbrenlaw.com
ATTORNEY FOR (Name): Plaintiff Rukiya Gordon

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 42011 4th St. West
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Lancaster, CA 93534
BRANCH NAME: Michael Antonovich Antelope Valley Courthouse

CASE NAME:
RUKIYA GORDON v. AMPLITY HEALTH, et.al.

FOR COURT USE ONLY

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/31/2023 2:55 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Simon, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23AVCV01245  JUDGE:  DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 16 causes of action related to wrongful term., discrimination, and retaliation
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: October 31, 2023

Steven Waisbren
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                                    **Page 2 of 2**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**        Print this form        Save this form        Clear this form

| SHORT TITLE<br>Gordon v Amplity | CASE NUMBER<br>23AVCV01245 |
| --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
| --- | --- |
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE<br>Gordon v Amplify | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Gordon v Amplity | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE<br>Gordon v Amplity | CASE NUMBER |
|---|---|

| | | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | | ☐ 4304 Election Contest | 2 |
| | | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE<br>Gordon v Amplity | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:   44800 Densmore Ave. |
|---|---|---|---|
| CITY:<br>Lancaster | STATE:<br>CA | ZIP CODE:<br>93535 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Antelope Valley</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>October 31, 2023</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Steven Waisbren, Esq.  (SBN 116315)
**LAW OFFICES OF STEVEN WAISBREN**
5850 Canoga Ave., Suite 400
Woodland Hills, California  91367
Tel: (818) 710-7102
Fax: (818) 532-1214
Email: steve@waisbrenlaw.com

Attorneys for Plaintiff
RUKIYA GORDON

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/31/2023 2:55 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Simon, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| RUKIYA GORDON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMPLITY HEALTH, an unknown business entity, AMPLITY, INC, a corporation, and DOES 1-10, DOES 11-20, and DOES 21-30, inclusive,<br><br>Defendants. | Case No.  23AVCV01245<br>(Unlimited Civil)<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND STATUTORY PENALTIES**<br><br>1.  **Wrongful Termination (*Labor Code*, Sections 1102.5 and 98.6)**<br>2.  **Wrongful Termination in Violation of Public Policy**<br>3.  **Retaliation for Asserting Legal Rights (*Labor Code*, Sections 1102.5 and 98.6)**<br>4.  **Unfair Competition (*Business & Professions Code*, Sections 17200, et.seq.)**<br>5.  **Discrimination Based On Religious Creed Or Faith – Wrongful Termination Re: Terms, Conditions, and Privileges of Employment (FEHA; *Gov. Code*, Sections 12940(a)**<br>6.  **Discrimination Based On Religious Creed Or Faith (Violation of Public Policy and *Gov. Code*, Sections 12920-12921, et.seq.)**<br>7.  **Wrongful Termination in Violation of** |

**LAW OFFICES OF STEVEN WAISBREN**
5850 Canoga Ave., Suite 400
Woodland Hills, CA  91367
Tel: (818) 710-7102

1

**LAW OFFICES OF STEVEN WAISBREN**
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

Public Policy, FEHA, *Gov. Code*, Sections 12940, et.seq.

8. **Retaliation for Asserting Rights with Regard to Religious Creed and Religious Beliefs (FEHA, *Gov. Code*, Sections 12940, et.seq.)**

9. **Failure to Provide Reasonable and Proper Accommodation (FEHA; *Gov. Code* 12940, et.seq.)**

10. **Failure to Engage In An Interactive Process (FEHA; *Gov. Code*, Sections 12940, et.seq.)**

11. **Religious Discrimination In Violation of the California Constitution, Art. 1, Section 8**

12. **Violation of *Labor Code*, Section 432.6**

13. **Failure To Prevent Discrimination And Retaliation – (*Gov. Code*, Section 12940(k))**

14. **Negligent Supervision And Training of Employees**

15. **Prohibited and Discriminatory Non Job-Related Inquiry As Part Of Employment Interview – Discriminatory Hiring Practices (*Government Code*, Section 12940(d))**

16. **Discrimination Based Upon Opposing Forbidden Practices By Defendants (*Gov. Code*, Section 12940(h))**

**DEMAND FOR JURY TRIAL**

**COMES NOW** PLAINTIFF RUKIYA GORDON ("Plaintiff") complains and alleges against the above-named Defendants, AMPLITY HEALTH, an unknown business entity, AMPLITY, INC, a corporation, and DOES 1-10, DOES 11-20, and DOES 21-30, inclusive, (collectively "Defendants"), and each of them, for causes of action as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

## **GENERAL ALLEGATIONS**

1.      Plaintiff brings this action under California state law for, among other things, retaliation, wrongful termination, and discrimination directed toward Plaintiff in the workplace during her employment with Defendants, and each of them, and other causes of action. As stated herein, Plaintiff's work environment with Defendants was fraught with adverse conditions, terms, conduct, and provisions, as well as a denial of privileges to which Plaintiff was entitled.   Plaintiff is informed and believes, and thereon alleges, that said adverse conditions, terms, conduct, provisions, and denial of privileges endured by Plaintiff was based upon Plaintiff's religious faith.  Said adverse conditions, terms, conduct, provisions, and denial of privileges was rampant, blatant, and demonstrated a malicious intent and/or conscious disregard for state and federal laws which prohibit such religious discrimination. Notwithstanding Plaintiff's inquiries regarding the wrongful treatment of Plaintiff herein, Defendants took no action to remedy the adverse and discriminatory conditions existing in Defendants' workplace.  Instead, Defendants, and each of them, embarked on a retaliatory campaign to deny Plaintiff employment benefits, including promotions, transfers, and ultimately to fabricate some basis to wrongfully justify Plaintiff's involuntary termination.

2.      Jurisdiction is proper in this Court because alleged damages exceed $25,000. Venue is proper in this Court because the employment relationship was formed in this County, and Plaintiff primarily performed her employment duties in and around the County of Los Angeles, State of California.

3.      Whenever, in this Complaint, a reference is made to "and each of them" when referring to Defendants, such allegation shall be deemed to mean the referenced Defendants individually, jointly and/or severally.

4.      Whenever, in this Complaint, a reference is made to "at all relevant times," such allegation shall be deemed to mean Plaintiff's employment with Defendants, and each of them, up through the date of termination of the employment relationship between Plaintiff and Defendants, and each of them, respectively.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

### THE PARTIES

5.      Plaintiff is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.   At all relevant times herein, Plaintiff was employed by Defendants, and each of them, as a Pharmaceutical Sales Representative.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant AMPLITY HEALTH, an unknown business entity, engaged in the provision of pharmaceutical products, and other medical services.  AMPLITY HEALTH is authorized to do business, and doing business, in the State of California.  At all relevant times herein, AMPLITY HEALTH was the employer of Plaintiff in the State of California.

7.      Plaintiff is informed and believes, and on that basis alleges, that Defendant AMPLITY, INC, a corporation, engaged in the provision of pharmaceutical products, and other medical services.  AMPLITY, INC. is authorized to do business, and doing business, in the State of California.  At all relevant times herein, AMPLITY, INC. was the employer of Plaintiff in the State of California.

8.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-10, but is informed and believes that DOES 1-10 are business entities (form unknown) and employers (joint or otherwise) of Plaintiff.  Plaintiff is ignorant of the true names and residences of Defendants sued herein as DOES 11-20, but is informed and believes that DOES 11-20 are natural persons (individuals) and employers (joint or otherwise) of Plaintiff. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 21-30. Based upon the foregoing, Plaintiff sues DOES 1-10, DOES 11-20, and DOES 21-30 (collectively "DOE DEFENDANTS") by such fictitious names and capacities.  Plaintiff will amend this complaint to show said DOE DEFENDANTS' true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the DOE DEFENDANTS acted wrongfully, maliciously, intentionally and negligently; violated federal and state law, as alleged in this Complaint; that each is legally responsible in some manner for the events, happenings, and/or occurrences alleged in this Complaint; and

that the injuries and damages of Plaintiff were proximately caused by DOE DEFENDANTS, either through their own conduct or through the conduct of their agents and/or employees. (AMPLITY HEALTH, AMPLITY, INC., and DOE DEFENDANTS will be collectively referred to as "Defendants")

9.     Plaintiff is informed and believes, and on that basis alleges, that, at all relevant times herein, Defendants, and each of them, maintained offices, operated businesses, employed persons, conducted business in, and paid employees in the County of Los Angeles, State of California.

10.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, is, and at all times relevant hereto was, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by Plaintiff, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California.

## AGENCY AND JOINT EMPLOYER ALLEGATIONS

11.     Plaintiff is informed and believes, and thereon alleges, that, at all relevant times herein, Defendants, and each of them, were the partner, officer, director, agent, employee, servant and/or representative of each of the remaining Defendants, and in doing the things as alleged in this Complaint, were acting within the course, scope, and/or authority of such agency, service, employment, partnership and/or joint venture, and with the consent, knowledge, approval and ratification of each of the other Defendants.

12.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein:

　　　　a.     Managed the business for which Plaintiff was employed;

**LAW OFFICES OF STEVEN WAISBREN**
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

b.      Exercised and/or employed direct control over the wages, hours, and working conditions of Plaintiff, whether personally or through an agent or any other person;

c.      Exercised and/or employed indirect control over the wages, hours, and working conditions of Plaintiff, whether personally or through an agent or any other person;

d.      Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the disparate and/or wrongful treatment of Plaintiff as one who follows and respects her religious faith, with respect to, among other things, hiring, promotions, transfers, continued employment, payment of wages, wrongful treatment of Plaintiff based upon her religion and religious faith, retaliation against Plaintiff as a direct result of her justified refusal to succumb to Defendants' demands that Plaintiff accept the Covid vaccine, and termination of Plaintiff from her employment due to her religion, and other bases according to proof at the time of trial;

e.      Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortious and unlawful acts of commission or omission which are in violation of the applicable state and federal law, as alleged in this Complaint, and incorporated herein by reference;

f.      Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortious and unlawful acts of commission or omission which caused the other Defendants, and each of them, to violate the applicable state and federal law, as alleged in this Complaint, and incorporated herein by reference;

g.      Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortious

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA  91367
Tel: (818) 710-7102

and unlawful acts of commission or omission which have operated to the injury and prejudice of Plaintiff, as alleged in this Complaint, and incorporated herein by reference;

h.      Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was in violation of the applicable state and federal law, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violations of the applicable state and federal law, as alleged in this Complaint, and incorporated herein by reference;

i.      Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control caused the other Defendants, and each of them, to violate the applicable state and federal law, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violations of the applicable state or federal law by the other Defendants, and each of them, as alleged in this Complaint, and incorporated herein by reference;

j.      Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was injuring Plaintiff and he/she/it failed to take or order appropriate action to avoid the harm;

k.      Acting in concert, knowingly and willfully conspired among themselves and agreed to and did institute a plan pursuant to which the Defendants, and each of them, required Plaintiff to endure the wrongful, illegal, and discriminatory conduct of Defendants, and each of them;

l.      Furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of each of the other Defendants, and each of them, including, but not limited to, their refusal and failure to ensure that Plaintiff would not be subjected to a hostile work environment, as alleged herein, and instead voting for or otherwise approving continuing unlawful and discriminatory practices, refusing to properly investigate and ensure Plaintiff was treated in

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA  91367
Tel: (818) 710-7102

compliance with the applicable state and federal law, as alleged in this Complaint, and instead voting for or otherwise approving continued violations of the applicable state and federal law, and breaches of duty.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

13.      Plaintiff had been employed by Defendants for approximately 12 years as a pharmaceutical sales representative.  She had a flawless and successful record, including numerous commendations.  Plaintiff was a top seller, and she received various awards, including, but not limited to, the coveted Pinnacle of Excellence award.  She was recognized by her superiors as "the type of leadership and performance that will continue to make our company great year after year," and "being the model for others to follow."  Her job performance evaluations consistently stated that she both meets and exceeds expectations.

14.      On March 29, 2021, Plaintiff had obtained a medical report from her physician stating that the Covid vaccine was not medically advisable for her.

15.      On September 8, 2021, Defendants advised Plaintiff that she would have to undergo the administration of the Covid vaccine as a further condition of her employment.  Due to Plaintiff's sincerely held religious beliefs and physician-approved medical limitations, this was problematic for her.  On September 16, 2021, Plaintiff, through correspondence from her counsel, made a request for a religious exemption from the Covid vaccine, as well as for a reasonable accommodation.

16.       Thereafter, Defendants advised Plaintiff that any such request would have to follow company policies by submitting an official request through a specific form provided by Defendants.  The exemption request form had an attachment stating the Defendants' Covid 19 vaccination exemption policy, which read as follows:

> "Amplity Health (hereinafter the "Company") is committed to providing equal employment opportunities without regard to any protected status and a work environment that is free of unlawful harassment, discrimination, and retaliation. As such, the Company is committed to complying with all laws

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

protecting employees' religious beliefs and practices. When requested, the Company will provide an exemption/reasonable accommodation for employees' religious beliefs and practices which prohibit the employee from receiving a COVID-19 vaccine, provided the requested accommodation is reasonable and does not create an undue hardship for the Company or pose a direct threat to the health and/or safety of others in the workplace and/or to the requesting employee.

"To request an Exemption related to the Company's COVID-19 vaccination policy, please complete this form and return it to Human Resources (humanresources@amplity.com). This information will be used by Human Resources or other Company officials to engage in an interactive process to determine eligibly for and to identify possible accommodations. If an employee refuses to provide such information, the employee's refusal may impact the Company's ability to adequately understand the employee's request or effectively engage in the interactive process to identify possible accommodations."

17.     On October 6, 2021, Plaintiff, pursuant to Defendants' company policies and California law, submitted an official, proper, and timely request for an exemption from the Defendants' vaccine mandate based upon her religious beliefs.

18.     Specifically, Plaintiff's formal request for a religious exemption, and concurrent accommodation, stated the following:

"This vaccine mandate is a gross violation of my currently held religious beliefs. The Bible teaches me that my body is the temple of God (1 Corinthians 6:19). As a living temple, I believe that I must protect my body, and keep it as holy as I can, and that I must not put any harmful substances into my body, nor take any action that unnecessarily risks my health. (1 Corinthians 3:17) "If any man defile the temple of God, him shall God destroy, for the temple of God is holy, which temple ye are." This is a belief that I observe daily in my choice of diet, strict avoidance of tobacco, as well as engaging in other health practices. I have made a substantial effort to investigate the risks and benefits of receiving a COVID-19 vaccine. I have learned that the vaccines available at this time carry substantial risks, including risks of adverse reactions like myocarditis, pericarditis, blood clots, severe allergic reactions, and death. I am aware that fully vaccinated persons can contract, transmit and die from complications resulting from the COVID-19 infection and it's variants even after being fully vaccinated. In addition to teaching me that my body is the temple of God, the Bible also teaches me

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

about the sanctity of the life of unborn children. It teaches specifically that life begins at conception and that I must not endorse the killing of unborn children directly nor indirectly for any purpose. It is an abomination in the eyes of my God. It is a known fact that aborted fetal cells of unborn human beings were used in the testing and development of the COVID-19 vaccines. The vaccines used one of two aborted human fetal cell lines: HEK-293 (Human Embryonic Kidney 293) taken from a female fetus and PER.C6, a cell line developed from human embryonic retinal cells. It is my sincere religious belief that for me to benefit from the murder of innocent human life of pre-born children is immoral and a sin against my God and those murdered children. Even if the safety and efficacy of the vaccines were certain and the danger of the disease greater, I cannot in good conscience receive a COVID-19 vaccine. Finally, there is zero legal authority for any employer to mandate or require any employee to go against their moral and religious beliefs regarding this matter."

19.    After consideration by Defendants (the comprehensiveness and scope of which is unknown as of the filing date of this Complaint) of both her religious exemption and accommodation requests, Plaintiff's requests were denied in toto (with the single and temporary exception alleged hereinbelow). Plaintiff was never offered any legal or factual justification for that denial.

20.    Plaintiff then requested the opportunity to submit an additional exemption request based upon medical concerns, as previously detailed by her physician.  Plaintiff's supervisor advised that such an additional exemption request would be futile, since the "decision had already been made,"

21.    In an obvious effort to save face, and to somehow limit their potential liability, Defendants offered Plaintiff an illegally inadequate accommodation which was intended more as a bludgeon to force Plaintiff's compliance, rather than as a sincere and genuine effort to accommodate her medical and religious limitations to permit her continued employment. In particular, Defendants offered Plaintiff the opportunity to continue in her position without undergoing the vaccine injection, on the condition that she would have to submit a negative Covid test every 72 hours, and wear a mask when in-person interactions were required. Although Plaintiff was agreeable to this "accommodation" in principle, it was limited to only

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA  91367
Tel: (818) 710-7102

30 days. Thereafter, Plaintiff would be terminated from her employment, regardless of negative Covid testing or masking compliance, if she continued her refusal to receive the vaccine injection. This offer of "accommodation" to Plaintiff was wholly deficient, and it was the result of Defendants' refusal to engage in a sincere and good faith effort to conduct an appropriate interactive process, as required by California law. The decision to place Plaintiff on a limited thirty (30) day employment schedule, with subsequent termination if Plaintiff did not agree to receive the vaccine, were both summarily applied without any regard for Defendants' legal obligation to determine whether reasonable accommodations were feasible. In this case, reasonable accommodations were certainly available.

22.     Further, under the plan proposed by Defendants, any costs or expenses associated with each testing process would have to be shouldered by Plaintiff (in violation of California *Labor Code*, Section 2802).

23.     Defendants refused to engage in any interactive process to determine whether Plaintiff was entitled to a Covid-19 religious exemption or any accommodation whatsoever.

24.     During the interim, Plaintiff continued with her employment in compliance with the 30-day cut-off policy imposed on her, and she also continued her refusal to accept the vaccine. During this 30-day time period, Plaintiff worked exclusively remote. True to Defendants' word, and since Plaintiff stood firm, Plaintiff was terminated from her employment after 30 days in violation of California law. The only reason provided by Defendants for the termination was Plaintiff's refusal to undergo the vaccine injection, notwithstanding her legitimate request for a religious exemption, her legitimate exemption based upon medical concerns, and her outstanding history with Defendants' business operations. In fact, Defendants' excuse for their position was that providing Plaintiff with a religious accommodation would be a hardship. There is, and was, no factual nor legal basis for that position.

25.     A reasonable and available accommodation, among others, was to permit Plaintiff the opportunity to continue her employment on the condition that she provide a

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

negative Covid test every 72 hours, and don a mask when in the presence of others.  Although Defendants offered this accommodation to Plaintiff, they imposed an unreasonable time limit on that accommodation which effectively rendered the accommodation unreasonable and in violation of law.

26.     A second reasonable accommodation which was available, and should have been made available, to Plaintiff was an open position which was, in essence, an exclusively remote position requiring the identical skill sets which she had been utilizing for more than a decade of employment with Defendants.  The only difference was the 100% remote nature of the position. (During Plaintiff's employment, her position involved approximately 60% in-office work and 40% remote work, a fact about which Defendants were fully aware, so changing her to an exclusively remote status would have been simple, efficient, and in compliance with applicable law.)  It wasn't until after Plaintiff was terminated that she learned of this remote position.  In fact, and suspiciously, the job posting was uploaded the day after Plaintiff's termination became effective.

27.     Plaintiff requested the opportunity to take that position, especially since it would have satisfied the reasonable accommodation requirement.  This available accommodation would not have imposed any added burden or expense on Defendants, it would not have required any additional training of Plaintiff, and it would have immediately resulted in Plaintiff's continued employment.  Unfortunately, Plaintiff is informed and believes, and thereon alleges, that Defendants used her application for that position as a ruse to covertly acquire information from Plaintiff to justify, after the fact, their prior wrongful decision to terminate Plaintiff's employment.

28.     To that end, Defendants required Plaintiff to undergo an interview process to apply for the available remote position, notwithstanding that Defendants had full knowledge of Plaintiff's overwhelmingly positive and long-standing qualifications, the identical skill set required for the subsequent position, as well as her considerable experience in operating in a

remote fashion.  Nevertheless, Plaintiff engaged with Defendants for the interview process as required.

29.     Plaintiff alleges that Defendants' intentions with regard to the interview were not honorable.   Instead of inquiring about Plaintiff's experience, qualifications, work ethic, organizational skills, ability to work with others, her greatest strengths and weaknesses, why she wants the position, factors that motivate her in life, how she overcomes adverse employment situations, her ability to manage stress or change, conflict resolution skills, how her skills align with the position, and other pertinent inquiries which form the basis of a legitimate job interview process, the Defendants' interviewer (Amy Baskin) commented on Plaintiff's headdress, asked specific questions about her religious beliefs, and related subjects. Also, Plaintiff was bombarded with reasons that the job was not suitable for her.   The interviewer even had the audacity to inquire whether Plaintiff was Muslim.  This was not an interview intended to fill the remote position.  Instead, it was a horrific and illegal ploy by Defendants to extract information from Plaintiff to be used against her, and it constitutes direct and concrete evidence of Defendants' bad faith and illegal discrimination. There was no bona fide occupational qualification regarding religion which was applicable to the position for which Plaintiff applied.

30.     Plaintiff is informed and believes, and thereon alleges, that the Defendants utilized the subject interview as their perverted version of the "interactive process," but only for the benefit of the Defendants in seeking to undermine any potential legal claims by Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that the best interests of Plaintiff were not foremost in the minds of Defendants with regard to, among other things, her legitimate exemption claims, her wrongful termination, or her subsequent "interview" for an alternative job opening.

31.     Ultimately, Defendants refused to re-hire Plaintiff, refused to engage in a sincere and legitimate interactive process, refused to offer Plaintiff the alternative position which

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave,, Suite 400
Woodland Hills, CA  91367
Tel: (818) 710-7102

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

**LAW OFFICES OF STEVEN WAISBREN**
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

would have satisfied Defendants' obligations to provide a reasonable accommodation, and refused to otherwise comply with their legal responsibilities under both state and federal law.

32.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff's wrongful employment termination was legally and factually inconsistent with, among other things, the Defendants' stated employment policies, the California Department of Public Health orders/regulations, and applicable sections of the California Government Code and Labor Code.

33.      In light of the discrimination and retaliation committed by Defendants, and each of them, Plaintiff has obtained a Right to Sue letter from the California Department of Fair Employment and Housing; a copy of which is attached hereto as Exhibit "A".

### FIRST CAUSE OF ACTION
**Wrongful Termination –**
**Violation of Cal. *Labor Code*, Sections 1102.5 and 98.6**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30, inclusive)**

34.     Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

35.     Pursuant to California *Labor Code*, Section 1102.5, it is unlawful for an employer, or any person acting on behalf of an employer, to make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

36.     Pursuant to California *Labor Code*, Section 98.6, it is unlawful for a person to discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to *Labor Code*, Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

37.     Plaintiff informed Defendants that she was requesting, and was entitled to, an exemption from the Covid vaccine based upon her sincerely held religious beliefs and valid medical concerns.   Instead of taking into account the circumstances behind those exemptions request, instead of seeking to find some reasonable accommodation for Plaintiff's situation, and instead of honoring Plaintiff's rights under California law, Defendants retaliated against Plaintiff by summarily terminating her employment after refusing to provide her with a reasonable accommodation.   Plaintiff clearly communicated her legal rights to seek an exemption for her religious beliefs and medical concerns.  Defendants then sought to extract information from Plaintiff for any future claims by her by engaging in a hoax to make Plaintiff believe that she was a legitimate candidate for a remote position.

38.     Defendants terminated Plaintiff's employment for no valid or legal reason, The Defendants, and each of them, were persons with authority over Plaintiff, and/or other employees, who had the authority to investigate, discover, or correct the violations or noncompliance with state or federal laws.

39.     Plaintiff's employment termination was a direct and proximate result and consequence of, among other illegal reasons, Plaintiff seeking a religious exemption, and asserting her position when the religious exemption was wrongfully denied.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

40.     The conduct of Defendants, and each of them, was in direct violation of *Labor Code*, Sections 1102.5, 98.6, and related statutory dictates.

41.     Plaintiff engaged in protected activities.  Defendants subsequently took adverse and retaliatory employment action against Plaintiff, and there was a causal connection between the protected activity and the adverse employment action.

42.     While employed with Defendants, and each of them, Plaintiff substantially and competently performed her job duties.

43.     As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, wrongful, and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future medical and out-of-pocket economic and incidental expenses, past and future lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, and consequential damages, in an amount according to proof.

44.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered a loss of wages, and will suffer future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

45.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities, such as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

46.     As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves

16

the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Labor Code*, 1102.5, and associated court decisions, in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

47.     Additionally, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done maliciously, oppressive, fraudulently, and in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, wrongful and unlawful conduct to the extent permitted by law.

48.     In accordance with *Labor Code*, Section 98.6(b)(3), Defendants, and each of them, are required to pay Plaintiff a statutory penalty in the amount of $10,000.00 for each violation.  Plaintiff seeks those statutory penalties as part of her damages.

**SECOND CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC.,**
**and DOES 1-30, inclusive)**

49.     Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

50.     It is the fundamental public policy of the State of California that employers shall not engage in wrongful termination, or any other retaliation, against employees who make a complaint or claim with regard to his or her rights which are under the jurisdiction of the Labor Commissioner or which violate the protection of whistleblowers under California law. Defendants, and each of them, violated the public policy of California, and statutory dictates, embodied in *Labor Code*, Sections 1102.5, 98.6, and the California Constitution by taking adverse employment actions against Plaintiff, up to and including terminating her employment in retaliation for, among other things, asserting her legitimate rights to pursue a religious exemption under California law. The termination set forth herein was actual.

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

51.     Plaintiff is further informed and believes, and thereon alleges, that Defendants' decision to wrongfully terminate Plaintiff's employment was motivated by, among other things, Plaintiff's requests for religious and medical exemptions, Defendants' discrimination against Plaintiff based upon religion and disability, and Plaintiff's insistence that Defendants provide a reasonable accommodation which was proper.

52.     Plaintiff engaged in protected activities.  Defendants subsequently took adverse and retaliatory employment action against Plaintiff, and there was a causal connection between the protected activity and the adverse employment action.

53.     While employed with Defendants, and each of them, Plaintiff substantially and competently performed her job duties.

54.     As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, wrongful, and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future medical and out-of-pocket economic and incidental expenses, past and future lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, and consequential damages, in an amount according to proof.

55.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered a loss of wages, and will suffer future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

56.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

57.     As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Labor Code*, Section 1102.5, and associated court decisions, in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

58.     In doing the acts set forth above, Defendants knew that the wrongful termination, and retaliation, was in direct violation of Plaintiff's civil rights and California public policy. Notwithstanding this knowledge, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done maliciously, oppressively, fraudulently, and in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, wrongful, and unlawful conduct to the extent permitted by law.

59.     In accordance with *Labor Code*, Section 98.6(b)(3), Defendants, and each of them, are required to pay Plaintiff a statutory penalty in the amount of $10,000.00 for each violation.  Plaintiff seeks those statutory penalties as part of her damages.

**THIRD CAUSE OF ACTION**
**(Retaliation for Asserting Legal Rights In Violation Of**
***Labor Code*, §§98.6 and 1102.5 Against AMPLITY HEALTH, AMPLITY, INC.,**
**and DOES 1-30, inclusive)**

60.     Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

61.     Pursuant to California *Labor Code*, Section 1102.5, it is unlawful for an employer, or any person acting on behalf of an employer, to make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee

19

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

62.     Pursuant to California *Labor Code*, Section 98.6, it is unlawful for a person to discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that she or he is owed unpaid wages, or because the employee has initiated any action or notice pursuant to *Labor Code*, Section 2699, or because the employee has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

63.     It is the public policy of the State of California that employers shall not engage in retaliation against employees who engage in any conduct or actions which are protected by the foregoing statutes and regulations.  Defendants violated the public policy of California embodied in *Labor Code*, Sections 1102.5, 98.6 and the California Constitution by taking adverse employment actions against Plaintiff, up to and including terminating her employment in retaliation for asserting her rights under various state and federal laws protecting those who assert rights under the California law.

64.     Plaintiff engaged in protected activities.  Defendants subsequently took adverse and retaliatory employment action against Plaintiff, and there was a causal connection between the protected activity and the adverse employment action.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA  91367
Tel: (818) 710-7102

65.     As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, and retaliatory conduct, and adverse employment actions, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future medical and out-of-pocket economic and incidental expenses, past and future lost earnings and loss of career opportunities, past and future statutory attorney's fees and costs, with interest thereon, in an amount according to proof.

66.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered a loss of wages, and will suffer future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

67.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

68.     As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Labor Code*, 1102.5 and 98.6, and associated court decisions, in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

69.     In doing the acts set forth above, Defendants knew that the wrongful termination, and other retaliation, was in direct violation of Plaintiff's civil rights and California public policy. Notwithstanding this knowledge, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done maliciously, oppressively, fraudulently,

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA  91367
Tel: (818) 710-7102

and in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, wrongful, and unlawful conduct to the extent permitted by law.

70.   In accordance with *Labor Code*, Section 98.6(b)(3), Defendants, and each of them, are required to pay Plaintiff a statutory penalty in the amount of $10,000.00 for each violation.  Plaintiff seeks recovery of those statutory penalties herein.

**FOURTH CAUSE OF ACTION**
**Unfair Competition In Violation of Unfair Business Practices-**
**Business & Professions Code §§17200 et. seq.**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30, inclusive)**

71.   Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

72.   California Business & Professions Code §§17200-et seq. prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

73.   The conduct by Defendants, and each them, as alleged herein, have been, and continue to be, unfair, unlawful, and deleterious to Plaintiff herein.  Plaintiff hereby seeks to enforce important rights within the meaning of *Code of Civil Procedure* §1021.5.  Plaintiff is a "person" within the meaning of the Business & Professions Code §17204, and therefore possesses standing to bring this suit for injunctive relief and restitution.

74.   It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

75.   Through the conduct alleged herein, Defendants, and each of them, acted contrary to these public policies and have engaged in unlawful and/or unfair business practices

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

in violation of *Business & Professions Code* §§17200 et. seq., depriving Plaintiff herein, of the rights, benefits, and privileges guaranteed to employees under California law.

76.     Defendants, and each of them, wrongfully terminated, and otherwise retaliated against, Plaintiff for her rightful assertion of rights to a religious exemption.  This was in direct violation of both state and federal laws, including, but not limited to, *Labor Code*, Section 1102.5 and 98.6.

77.     By engaging in these business practices, which are unfair business practices within the meaning of *Business & Professions C*ode §§17200 et. seq., Defendants, and each of them, harmed Plaintiff herein, and thus by that design and plan gained an unfair competitive edge in the marketplace.

78.     Under *Business & Professions Code* §17203, Plaintiff is entitled to obtain restitution of funds wrongfully obtained by Defendants, and each of them,  and DOES 1-30 on behalf of herself affected by the unfair business practices of Defendants, and each of them, as enumerated herein.

79.     Pursuant to *Business & Professions Code* §17203, injunctive relief is necessary to prevent Defendants, and each of them, from continuing to engage in the unfair business practices as alleged herein.  Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result.  Plaintiff has no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief.  The above-described acts will cause, and have caused, great and irreparable damage to Plaintiff herein, unless Defendants, and each of them, are restrained from committing further illegal acts.

80.      Plaintiff's success in this action will result in the enforcement of important rights. Private enforcement of the rights enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. Plaintiff, individually

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA  91367
Tel: (818) 710-7102

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

and by and through counsel, has incurred and continue to incur a financial burden in pursuing this action. Plaintiff further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore, Plaintiff seeks an award of attorney's fees and costs of suit on this cause of action pursuant to *Code of Civil Procedure* §1021.5, and other applicable Labor Code sections.

81.     As a direct and proximate result of the willful, knowing, and intentional conduct of Defendants, and each of them, in violation of *Labor Code* §§ 1102.5 and 98.6, Plaintiff has been damaged in that Plaintiff has been denied employment, and the wages and benefits attendant to such employment.  Plaintiff has further sustained damages and injuries as a result of the wrongful conduct of Defendants, and each of them, as stated herein, all to Plaintiff's damage in amounts according to proof at trial.

**FIFTH CAUSE OF ACTION**
**Discrimination Based On Religious Creed Or Faith – Wrongful Discrimination Re:**
**Terms, Conditions, and Privileges of Employment - FEHA; *Gov. Code* §§12940(a)**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30, inclusive)**

82.     Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

83.     Under the Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940 et. seq., it is an unlawful employment practice for an employer because of, among other reasons, a person's religion or religious beliefs to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful under FEHA for an employer to fail to make reasonable accommodation for the employee's religion or religious beliefs. It is unlawful under FEHA for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee with regard to those religious

beliefs. It is unlawful under FEHA, because of a person's religion or religious beliefs, to harass an employee. It is unlawful under FEHA to aid, abet, incite, compel, or coerce the doing of any acts forbidden under FEHA, and/or attempt to do so.

84.     Defendants, and each of them, wrongfully discriminated against Plaintiff with respect to the terms, conditions, and provisions of her employment, as well as with respect to the continuing nature of her employment, as a direct result of Plaintiff's religion and religious beliefs.

85.     As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, and consequential damages, in an amount according to proof.

86.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer, and has suffered, past and future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

87.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

88.     As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

to attorney's fees pursuant to California *Government Code* section 12965 in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

89.      Additionally, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, discriminatory and unlawful conduct to the extent permitted by law.

### SIXTH CAUSE OF ACTION
**Discrimination Based Upon Religious Creed Or Faith In Violation
of California Public Policy, and *Gov. Code* §§12920-12921, et.seq.
(Against Defendants AMPLITY HEALTH, AMPLITY, INC.,
and DOES 1-30, inclusive)**

90.      Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

91.      As codified in California Fair Employment & Housing Act and *Government Code* §§12920-12921, et seq., it was and remains the public policy of the State of California that employers like Defendants herein shall not treat their employees differently in terms, compensation and conditions of employment based upon an employee's religion or religious beliefs; a policy and conduct which is contrary to established public policy in California.

92.      Defendants violated California public policy when they intentionally treated Plaintiff differently due to her religion and religious beliefs, and ultimately terminated Plaintiff's employment as a result of her protected activities and membership in protected groups.  Defendants, and each of them, violated California public policy by committing all of the discriminatory and harassing conduct, and other wrongful and unlawful behaviors, as detailed in this Complaint, including, but not limited to, discrimination, retaliation, and termination.

93.      As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, and consequential damages, in an amount according to proof.

94.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer, and has suffered, past and future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

95.     As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

96.     As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Government Code* section 12965 in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

97.     Additionally, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, discriminatory and unlawful conduct to the extent permitted by law.

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

**SEVENTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy, FEHA, Gov't Code, Section 12940 et. seq. (Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30, inclusive)**

98.     Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

99.     Under the Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940 et. seq., it is an unlawful employment practice for an employer because of a person's religion or religious beliefs to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful under FEHA for an employer to fail to make reasonable accommodation for the known religion or religious beliefs of an employee. It is unlawful under FEHA for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee with regard to his or her religion or religious beliefs. It is unlawful under FEHA, because of a person's religion or religious beliefs, to harass an employee. It is unlawful under FEHA to aid, abet, incite, compel, or coerce the doing of any acts forbidden under FEHA, and/or attempt to do so.

100.    It is the public policy of the State of California that employers shall not engage in retaliation against employees who make or file any bona fide complaint or claim with regard to his or her rights which are under the jurisdiction of the Labor Commissioner or the DFEH. Defendants violated the public policy of California, and statutory dictate, embodied in *Government Code* section 12940 and the California Constitution by taking adverse employment actions against Plaintiff, up to and including terminating her employment in retaliation for asserting her rights to be free from discrimination based upon her religion or religious beliefs. The termination set forth herein was actual.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

101.   Plaintiff is further informed and believes, and thereon alleges, that Defendants' decision to wrongfully terminate Plaintiff's employment was motivated by Plaintiff's legitimate request for a religious exemption regarding the COVID-19 Covid vaccine.   No portion of the applicable statutory provisions alleged to be violated in this case exempts the Defendants from the statutory provision. Terminating an employee due to an employee's religion or religious beliefs is a fundamental public policy violation. (*Gould v. Maryland Sound Industries, Inc.*, (1995) 31 Ca1.App.4th 1137, 1147-48, 1150; [violation of public policy based on various Labor Code provisions]. See also *Government Code*, Section 12940 (l)(1).)

102.   While employed with Defendants, and each of them, Plaintiff substantially, competently, and diligently performed her job duties.

103.   As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, and adverse employment actions, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, in an amount according to proof.

104.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer, and has suffered, past and future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

105.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave,, Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

106.   As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Government Code* section 12965 in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

107.   In doing the acts set forth above, Defendants knew that the religious discrimination was in direct violation of Plaintiff's civil rights and California public policy. Notwithstanding this knowledge, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, discriminatory and unlawful conduct to the extent permitted by law.

## EIGHTH CAUSE OF ACTION
**Retaliation for Asserting Rights With Regard To Religious Creed and Religious Beliefs in Violation of FEHA, *Gov. Code* §§12940, et.seq.**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30, inclusive)**

108.   Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

109.   Under the Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940 et. seq., it is an unlawful employment practice for an employer because of a person's religious creed to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

compensation or in terms, conditions, or privileges of employment. It is unlawful under FEHA for an employer to fail to make reasonable accommodation for the employee's religion or religious beliefs. It is unlawful under FEHA for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee's religion or religious beliefs. It is unlawful under FEHA, because of a person's religion or religious beliefs to harass an employee. It is unlawful under FEHA to aid, abet, incite, compel, or coerce the doing of any acts forbidden under FEHA, and/or attempt to do so.

110.   It is the public policy of the State of California that employers shall not engage in retaliation against employees who make or file any bona fide complaint or claim with regard to his or her rights which are under the jurisdiction of the Labor Commissioner or the DFEH. Defendants violated the public policy of California embodied in *Government Code* section 12940 and the California Constitution by taking adverse and retaliatory employment actions against Plaintiff, up to and including terminating her employment in retaliation for asserting her rights under various state and federal laws protecting an employee's religion or religious beliefs.

111.   Plaintiff engaged in protected activities.  Plaintiff's employers subsequently took adverse employment action against her and there was a causal connection between the protected activity and the adverse employment action.

112.   As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, and adverse employment actions, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, in an amount according to proof.

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

113.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer, and has suffered, past and future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

114.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

115.   As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Government Code* section 12965 in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

116.   In doing the acts set forth above, Defendants knew that the religious discrimination was in direct violation of Plaintiff's civil rights and California public policy. Notwithstanding this knowledge, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, discriminatory and unlawful conduct to the extent permitted by law.

/   /   /

/   /   /

/   /   /

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

## NINTH CAUSE OF ACTION
### Failure To Provide Reasonable and Proper Accommodation In Violation Of FEHA, and Cal. Gov't. Code, Section 12940, et.seq.
### (Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30)

117.    Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

118.    Under the Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940 et. seq., it is an unlawful employment practice for an employer because of a person's religion or religious beliefs, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful under FEHA for an employer to fail to make reasonable accommodation for an employee's religion or religious beliefs. It is unlawful under FEHA for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee's religion or religious beliefs. It is unlawful under FEHA, because of a person's religion or religious beliefs, to harass an employee. It is unlawful under FEHA to aid, abet, incite, compel, or coerce the doing of any acts forbidden under FEHA, and/or attempt to do so.

119.    Plaintiff's sincerely held religious beliefs prohibited her from taking vaccines which were developed, tested, and/or manufactured with the use of aborted fetal cells, such as the COVID-19 vaccines. Defendants, and each of them, failed or refused to engage in any statutorily required interactive process, and/or to provide reasonable accommodation of Plaintiff's religious restrictions, in violation of Cal. *Gov't Code* 12940 et seq. As a result, Plaintiff required reasonable accommodations, including, but not limited to, a determination that Plaintiff did not require any vaccines due to the substantial remote nature of her work, the

transfer of Plaintiff to the available, and exclusively remote, position, and/or weekly testing as offered by Defendants' own policies, and those of state and local mandates.

120.    Rather than determine whether reasonable accommodations were appropriate, Defendants refused to provide Plaintiff with any options other than requiring regular negative Covid testing, masking, and termination thirty (30) days thereafter if Plaintiff's refusal of the vaccine continued.  Defendants ultimately terminated Plaintiff's employment for no legitimate reason, and solely due to her refusal to succumb to the Covid vaccine based upon her religious beliefs and faith.

121.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of wages and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

122.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

123.    As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California *Government Code* § 12965(b).

124.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

34

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

### TENTH CAUSE OF ACTION
**Failure To Engage In An Interactive Process In Violation Of FEHA,**
**Cal. *Gov. Code*, Section 12940, et.seq.**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30, inclusive)**

125. Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

126. Under the Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940 et. seq., it is an unlawful employment practice for an employer because of a person's religion or religious beliefs, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful under FEHA for an employer to fail to make reasonable accommodation for an employee's religion or religious beliefs. It is unlawful under FEHA for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee's religion or religious beliefs. It is unlawful under FEHA, because of a person's religion or religious beliefs, to harass an employee. It is unlawful under FEHA to aid, abet, incite, compel, or coerce the doing of any acts forbidden under FEHA, and/or attempt to do so.

127. Plaintiff's sincerely held religious beliefs prohibited her from taking vaccines which were developed, tested, and/or manufactured with the use of aborted fetal cells, such as the COVID-19 vaccines. Defendants, and each of them, failed or refused to engage in any statutorily required interactive process, and/or to provide reasonable accommodation of

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

Plaintiff's religious restrictions, in violation of Cal. *Gov't Code* 12940 et seq. As a result, Plaintiff required reasonable accommodations, including, but not limited to, a determination that Plaintiff did not require any vaccines due to the substantial remote nature of her work, the transfer of Plaintiff to the available, and exclusively remote, position, and/or weekly testing as offered by Defendants' own policies, and those of state and local mandates.

128.   Rather than determine whether reasonable accommodations were appropriate by engaging in the statutorily required interactive process, Defendants refused to provide Plaintiff with any options other than requiring regular negative Covid testing, masking, and termination thirty (30) days thereafter if Plaintiff continued her refusal to take the COVID vaccine. Defendants ultimately terminated Plaintiff's employment for no legitimate reason, and solely due to her refusal to succumb to the Covid vaccine, based upon her religious beliefs and faith.

129.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

130.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

131.   As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California *Government Code* § 12965(b).

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

132.   The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

## ELEVENTH CAUSE OF ACTION
### (Religious Discrimination In Violation of California Constitution, Art. 1, Sec. 8 Against AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30, inclusive)

133.   Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

134.   Article 1, § 8 of the California Constitution provides that a person may not be disqualified from entering or pursuing a business, profession, vocation or employment because of sex, race, creed (religious belief or confession of faith), color, or national or ethnic origin.

135.   As a result of the religious discrimination, retaliation, wrongful termination and emotional distress perpetrated by Defendants, Plaintiffs' right to pursue employment free from discrimination as guaranteed by the California Constitution has been abridged and violated.

136.   As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, in an amount according to proof.

137.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

138.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

139.   As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Government Code* section 12965 in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

140.   Additionally, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, discriminatory and unlawful conduct to the extent permitted by law.

## TWELFTH CAUSE OF ACTION
### Violation of *Labor Code*, Section 432.6 -
### (Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1-30, inclusive)

141.   Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

142.   As stated hereinabove, Defendants, and each of them, advised Plaintiff, under the threat of termination for seeking to protect her sincerely held religious beliefs, that she had waived any right to seek a religious exemption, and assert her rights to be free of

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

discrimination violations under *Government Code,* Sections 12940, et.seq. This is in violation of *Labor Code,* Section 432.6, which states in pertinent part;

> "432.6.   (a) A person shall not, as a condition of employment, continued employment, or the receipt of any employment-related benefit, require any applicant for employment or any employee to waive any right, forum, or procedure for a violation of any provision of the California Fair Employment and Housing Act (Part 2.8 (commencing with Section 12900) of Division 3 of Title 2 of the *Government Code*) or this code, including the right to file and pursue a civil action or a complaint with, or otherwise notify, any state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation.

> "(b) An employer shall not threaten, retaliate or discriminate against, or terminate any applicant for employment or any employee because of the refusal to consent to the waiver of any right, forum, or procedure for a violation of the California Fair Employment and Housing Act or this code, including the right to file and pursue a civil action or a complaint with, or otherwise notify, any state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation."

143.   Notwithstanding Defendants' repeated attempts to persuade and coerce Plaintiff to resign from her employment, Plaintiff refused to resign.  Plaintiff is informed and believes, and thereon alleges, that Defendants retaliated against Plaintiff for her refusal to resign from her employment in violation of the foregoing code section.

144.   As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, in an amount according to proof.

145.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer future damage for loss of the

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

146.    As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

147.    As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights. As such, Plaintiff is entitled to attorney's fees pursuant to *Labor Code*, Section 432.6(d), and other authorities, in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

148.    Additionally, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, discriminatory and unlawful conduct to the extent permitted by law.

## THIRTEENTH CAUSE OF ACTION
### Failure to Prevent Discrimination and Retaliation -
### *Government Code*, Section 12940(k)
### (Against Defendants AMPLITY HEALTH, AMPLITY, INC., and DOES 1 through 30, inclusive)

149.    Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

150.    Defendants, and each of them, had a duty to protect Plaintiff from discrimination and retaliation based upon religion and religious beliefs under *Government Code* §12940 (k) of

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

the California Fair Employment and Housing Act.  Defendants failed to fulfill this duty by allowing its management and owners to engage in a pattern and practice of participating in, engaging in, and failing to prevent, acts of discrimination and retaliation against Plaintiff.

151.   Defendants' failure to take all reasonable steps to prevent discrimination and retaliation against Plaintiff was a substantial factor in causing Plaintiff's harm and damages.

152.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

153.   As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, in an amount according to proof.  Said emotional distress includes manifestations of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

154.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

155.    As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

156.    As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California *Government Code* § 12965(b).

157.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

### FOURTEENTH CAUSE OF ACTION
**Negligent Supervision And Training of Employees**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC.,**
**and DOES 1 through 30, inclusive)**

158.    Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

159.    Defendants, and each of them, had a duty at all times to supervise the conduct of their employees, including, but not limited to, any employees charged with the responsibility to make employment decisions which affect the employment conditions and/or future employment status of the company's employees.  Defendants also had a duty to supervise the conduct of its employees and agents, and to properly train same, with regard to the proper enforcement, administration, and application of Defendants' policies pertaining to, among

42

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

other things, vaccination requirements, the provision of any exemptions to any vaccine obligations, and the applicable laws regarding discriminatory business practices, so as to prevent, and not to cause, the type of injuries and damages that Plaintiff sustained due to the negligent care, training, and supervision of Defendants' employees.

160.   Plaintiff is informed and believes, and thereon alleges, that Defendants' managerial and supervisory employees were improperly supervised and trained, or otherwise ignorant of the laws pertaining to the proper and legal procedures involved with the application of vaccine requirements, and the provision of legal exemptions to those requirements.

161.   Defendants knew or should have known that said managerial and supervisory employees were improperly supervised and trained, or otherwise ignorant of the laws pertaining to the proper and legal procedures involved with imposing vaccine requirements, and the provision of legal exemptions.  Defendants knew or should have known that such lack of supervision, training, and/or ignorance of the applicable laws created a particular risk to others, including Plaintiff herein.

162.   Defendants, and each of them, as herein alleged, were negligent and careless in that they failed to exercise ordinary care in supervising their employees and agents so as to prevent, and not to cause, the type of injuries and damages that Plaintiff sustained due to the negligent care, training, and supervision of Defendants' employees.

163.   Defendants, and each of them, so carelessly and negligently supervised, controlled, and trained its employees and agents in such a way as to create a foreseeable risk for injury and damages to former employees, including Plaintiff herein.

164.   Prior to the occurrence of the wrongful acts by the employees of Defendants, and each of them, Defendants had actual and constructive notice that improper and wrongful application of the vaccine requirements, and the denial of legal exemptions, were likely to occur in the absence of adequate supervision, training, and control of said employees and agents charged with the responsibility to provide such information, and the taking of punitive

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

actions for refusal to receive the vaccinations. Defendants, and each of them, were negligent and careless in that having such knowledge of the foreseeable risk of harm to Plaintiff and others, they nevertheless failed to use ordinary care in the supervision of their employees and agents and failed to provide adequate supervision and training with respect to the policies and procedures of Defendants and the applicable governmental mandates.

165.   Further, Defendants, and each of them, knew, or in the exercise of reasonable diligence, should have known, that its employees and agents may have sought to punish employees who requested exemptions based upon their religion or religious beliefs. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, harbored discriminatory intentions toward Plaintiff, thereby failing or refusing to take proper and reasonable steps to prevent the damages and injuries ultimately sustained by Plaintiff.

166.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to *Civil Code* § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

167.   As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, in an amount according to proof.  Said emotional distress includes manifestations of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

168.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

169.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

<u>**FIFTEENTH CAUSE OF ACTION**</u>
**Prohibited and Discriminatory Non Job-Related Inquiry As**
**Part Of Employment Interview -  Discriminatory Hiring Practices**
***Government Code*, Section 12940(d)**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC.,**
**and DOES 1 through 30, inclusive)**

170.   Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

California *Government Code,* Section 12940(d) states, in pertinent part:

"It is an unlawful employment practice . . .For any employer or employment agency to print or circulate or cause to be printed or circulated any publication, or to make any non job-related inquiry of an employee or applicant, either verbal or through use of an application form, that expresses, directly or indirectly, any limitation, specification, or discrimination as to race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status, or any intent to make any such limitation, specification, or discrimination."

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

171.   Defendants, and each of them, wrongfully discriminated against Plaintiff with respect to non job-related inquiries during the Plaintiff's employment interview with regard to the available remote job position.  In particular, the Defendants' inquiries regarding, among other things, Plaintiff's specific religious beliefs, her religion, and her headdress constituted direct violations of the above-stated statutory provision.

172.   As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, and consequential damages, in an amount according to proof.

173.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

174.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

175.   As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Government Code* section 12965 in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

176.   Additionally, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, discriminatory and unlawful conduct to the extent permitted by law.

<u>SIXTEENTH CAUSE OF ACTION</u>
**Discrimination Based Upon Opposing Forbidden Practices By Defendants**
**- *Government Code*, Section 12940(h)**
**(Against Defendants AMPLITY HEALTH, AMPLITY, INC.,**
**and DOES 1 through 30, inclusive)**

177.   Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

California *Government Code,* Section 12940(h) states:

"For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.."

178.   Plaintiff opposed Defendants' practices of discriminating against her for her sincere religious creed, faith, and beliefs. Defendants, and each of them, wrongfully terminated Plaintiff's employment as a direct result, at least partially, of Plaintiff's insistence on placing a priority on those religious beliefs in refusing the Defendant's vaccine mandate.

179.   As a direct and proximate cause of the Defendants' unlawful, wrongful, intentional, discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future,

LAW OFFICES OF STEVEN WAISBREN
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367
Tel: (818) 710-7102

statutory attorney's fees and costs, with interest thereon, and consequential damages, in an amount according to proof.

180.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff will suffer future damage for loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount within the jurisdiction of the Superior Court of the State of California.

181.   As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as further work experience and seniority. As a result of such wrongful conduct and consequent harm, Plaintiff has suffered such damages in an amount to be shown at time of trial within the jurisdiction of the Superior Court of the State of California.

182.   As a result of the wrongful acts of Defendants, and each of them, as delineated above, Plaintiff has been forced to employ an attorney to vindicate her rights which involves the enforcement of an important right affecting the public interest. As such, Plaintiff is entitled to attorney's fees pursuant to California *Government Code* section 12965 in an amount to be shown pursuant to law after entry of judgment in Plaintiff's favor.

183.   Additionally, the wrongful, intentional, deliberate conduct of the Defendants identified herein was done in conscious and reckless disregard of Plaintiff's rights so as to warrant the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of Defendants, and to deter them from engaging in similar illegal, discriminatory and unlawful conduct to the extent permitted by law.

/   /   /

/   /   /

/   /   /

/   /   /

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

**WHEREFORE,** Plaintiff respectfully prays this Court enter judgment in favor of Plaintiff, and against Defendants, and each of them, as follows:

1.  For monetary damages for the loss of past wages, salary, benefits, and additional amounts of money Plaintiff would have received if she continued to work for Defendants in an amount to be shown at the time of trial;

2.  For monetary damages for future loss of the wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had continued to work for Defendants in an amount to be shown at the time of trial;

3.  For monetary damages for the loss of intangible employment-related opportunities as further work experience, career opportunities, damage to reputation, and seniority in an amount to be shown at the time of trial;

4.  For monetary damages for humiliation, anxiety, and emotional distress in an amount to be shown at the time of trial;

5.  For general damages, past and future, as may be established according to proof at trial;

6.  For compensatory and special damages, past and future, as may be established according to proof at trial;

7.  For incidental expenses and damages as may be established according to proof at trial;

8.  For prejudgment and post-judgment interest on all damages awarded, at the legal rate;

9.  For all statutory and civil penalties as may be established according to proof at trial;

10. For injunctive relief, according to proof at the time of trial;

11. For punitive and exemplary damages as may be established according to proof at trial;

12. For reasonable attorney's fees;

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

13.     For costs of suit incurred;

14.     For such other and further relief as the Court deems just and proper.

DATED:  October 3, 2023          **LAW OFFICES OF STEVEN D. WAISBREN**

_____
Steven D. Waisbren, Esq.
Attorneys for Plaintiff
RUKIYA GORDON

## **REQUEST FOR JURY TRIAL**

Plaintiff, RUKIYA GORDON, requests a jury trial in the above-entitled action.

DATED:  October 3, 2023          **LAW OFFICES OF STEVEN D. WAISBREN**

_____
Steven D. Waisbren, Esq.
Attorneys for Plaintiff
RUKIYA GORDON

50

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
AND STATUTORY PENALTIES

EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

April 20, 2023

Rukiya Gordon
44800 Denmore Ave.
Lancaster, CA 93535

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202304-20395420
      Right to Sue: Gordon / Amplity Health et al.

Dear Rukiya Gordon:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective April 20, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

4
5

**In the Matter of the Complaint of**

Rukiya Gordon

CRD No. 202304-20395420

6
7

Complainant,

vs.

8
9

Amplity Health
1000 Floral Vale Blvd., Suite 400
Yardley, PA 19067

10
11

Amplity, Inc.
1000 Floral Vale Blvd., Suite 400
Yardley, PA 19067

12
13

Respondents

_____

14
15

**1.** Respondent **Amplity Health** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16

**2.**Complainant is naming **Amplity, Inc.** business as Co-Respondent(s).

17

**3**. Complainant **Rukiya Gordon**, resides in the City of **Lancaster,** State of **CA.**

18
19

**4**. Complainant alleges that on or about **January 31, 2022**, respondent took the following adverse actions:

20
21
22
23

**Complainant was discriminated against** because of complainant's religious creed - includes dress and grooming practices, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, denied hire or promotion, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability.

24
25

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used a religious accommodation and as a result was terminated, denied hire or

26

-1-

*Complaint – CRD No. 202304-20395420*

27
28

Date Filed: April 20, 2023

CRD-ENF 80 RS (Revised 12/22)

promotion, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability.

**Additional Complaint Details:** Complainant had been employed by Respondents for approximately 12 years as a pharmaceutical sales representative.  She had a flawless and successful record, including numerous commendations.

On September 8, 2021, Respondents advised Complainant that she would have to undergo the administration of the Covid vaccine.  Due to Complainant's sincerely held religious beliefs and physician-approved medical limitations, this was problematic for her.  Specifically, she advised Respondents of the following with respect to her religious beliefs as they relate to the vaccine mandate:

"This vaccine mandate is a gross violation of my currently held religious beliefs. The Bible teaches me that my body is the temple of God (1 Corinthians 6:19). As a living temple, I believe that I must protect my body, and keep it as holy as I can, and that I must not put any harmful substances into my body, nor take any action that unnecessarily risks my health. (1 Corinthians 3:17) "If any man defile the temple of God, him shall God destroy, for the temple of God is holy, which temple ye are." This is a belief that I observe daily in my choice of diet, strict avoidance of tobacco, as well as engaging in other health practices. I have made a substantial effort to investigate the risks and benefits of receiving a COVID-19 vaccine. I have learned that the vaccines available at this time carry substantial risks, including risks of adverse reactions like myocarditis, pericarditis, blood clots, severe allergic reactions, and death. I am aware that fully vaccinated persons can contract, transmit and die from complications resulting from the COVID-19 infection and it's variants even after being fully vaccinated. In addition to teaching me that my body is the temple of God, the Bible also teaches me about the sanctity of the life of unborn children. It teaches specifically that life begins at conception and that I must not endorse the killing of unborn children directly nor indirectly for any purpose. It is an abomination in the eyes of my God. It is a known fact that aborted fetal cells of unborn human beings were used in the testing and development of the COVID-19 vaccines. The vaccines used one of two aborted human fetal cell lines: HEK-293 (Human Embryonic Kidney 293) taken from a female fetus and PER.C6, a cell line developed from human embryonic retinal cells. It is my sincere religious belief that for me to benefit from the murder of innocent human life of pre-born children is immoral and a sin against my God and those murdered children. Even if the safety and efficacy of the vaccines were certain and the danger of the disease greater, I cannot in good conscience receive a COVID-19 vaccine. Finally, there is zero legal authority for any employer to mandate or require any employee to go against their moral and religious beliefs regarding this matter."

Complainant, pursuant to company policy and California law, submitted an official and proper request for an exemption from the vaccine mandate based upon her religious beliefs. On September 16, 2021, she also made a formal request for a reasonable accommodation. After consideration (the comprehensiveness of which is unknown) by Respondents of both her exemption and accommodation requests, Complainant's requests were denied in toto.

-2-
*Complaint – CRD No. 202304-20395420*

Date Filed: April 20, 2023

CRD-ENF 80 RS (Revised 12/22)

For some unknown reason, Complainant was never offered any legal or factual justification for that denial.

On March 29, 2021, Complainant had also obtained a medical report from her physician stating that the Covid vaccine was not medically advisable for her.  When she submitted a medical exemption request, that was denied as well.  Similarly, she was not offered or provided with any explanation to justify that decision, nor did Respondents engage in the legally required interactive process.

It should be noted that Respondents did offer an inadequate accommodation which was intended more as a bludgeon to force Complainant's compliance, rather than a sincere and genuine effort to accommodate her medical and religious limitations so that she could continue working.

In particular, Respondents offered Complainant the following:

She would be permitted to continue in her position without undergoing the vaccine injection, on the condition that she would have to submit a negative vaccine test every 72 hours, and wear a mask when in-person interactions were required.  Unfortunately, this "accommodation" was only provided for 30 days.  Thereafter, if Complainant had not accepted the injection within that time period, her employment would be terminated.

Complainant continued with her employment in compliance with the 30-day policy, and she also continued her refusal to accept the vaccine.  As promised, at the conclusion of the 30-day period, Complainant was wrongfully terminated in violation of California law.

Respondents engaged in additional violations of law.  Specifically, Complainant became aware that Respondents were seeking to fill a position which involved remote work exclusively.  The job posting was uploaded on the day after her termination became effective. Complainant requested the opportunity to take that position, especially since it would have satisfied the reasonable accommodation requirement.

To that end, Respondents agreed to interview Complainant for that position (which was a questionable action since Respondents had been well aware of her qualifications and experience during the previous 12 years of employment).  Nevertheless, Complainant engaged with Respondents for the interview process.

As it turns out, Respondents' intentions with regard to the interview were not honorable.  Instead of inquiring about Complainant's experience, qualifications, work ethic, organizational skills, ability to work with others, her greatest strengths and weaknesses, why she wanted the position, factors that motivate her in life, how she overcomes adverse employment situations, her ability to manage stress or change, conflict resolution skills, how her skills align with the position, and other pertinent inquiries, the Respondents' interviewer commented on Complainant's headdress, asked specific questions about her religious beliefs, and related subjects.  The Respondents' interviewer asked Complainant whether whether she was Muslim.  Complainant was bombarded with reasons that the job was not

-3-
*Complaint – CRD No. 202304-20395420*

Date Filed: April 20, 2023

1   for her.  It is clear that the purpose of the interview was not to genuinely determine whether
Complainant was qualified for the position (which she obviously was), but instead to extract
2   information from her to support Respondents' justification for denying her religious
exemption.
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26               -4-

*Complaint – CRD No. 202304-20395420*

27   Date Filed: April 20, 2023

28

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Steven Waisbren**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On April 20, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills, CA**

-5-

*Complaint – CRD No. 202304-20395420*

Date Filed: April 20, 2023

CRD-ENF 80 RS (Revised 12/22)

| | | |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp | |
| COURTHOUSE ADDRESS:<br>Michael Antonovich Antelope Valley Courthouse<br>42011 4th Street West, Lancaster, CA 93534 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/31/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Simon _____ Deputy | |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23AVCV01245 | |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Daniel L. Alexander | A15 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/01/2023
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By D. Simon _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Michael Antonovich Antelope Valley Courthouse
42011 4th Street West, Lancaster, CA 93534

PLAINTIFF:
Rukiya Gordon

DEFENDANT:
Amplity Health, et al.

| Reserved for Clerk's File Stamp |
| --- |
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/01/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: ____ D. Simon ____ Deputy |

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
23AVCV01245

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 02/28/2024     Time: 8:30 AM     Dept.: A15

NOTICE TO DEFENDANT:     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 11/01/2023                                   _____
                                                                       Judicial Officer
## CERTIFICATE OF SERVICE          Daniel L. Alexander / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Lancaster _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Steven David Waisbren
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/01/2023                         By D. Simon _____
                                                            Deputy Clerk

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*' and then under "*General Information*")**.**

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
(INSERT DATE)                                   (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*', click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR                                  )

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a.  The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b.  Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                        JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ) ) ) ) ) ) |

ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_(signature)_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

# EXHIBIT "2"

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:       STATE BAR NO: 116315<br>NAME: Steven Waisbren, Esq.<br>FIRM NAME: LAW OFFICES OF STEVEN WAISBREN<br>STREET ADDRESS: 5850 Canoga Ave., Suite 400<br>CITY: Agoura Hills      STATE: CA    ZIP CODE: 91367<br>TELEPHONE NO.: (818) 710-7102     FAX NO.: (818) 532-1214<br>E-MAIL ADDRESS: steve@waisbrenlaw.com<br>ATTORNEY FOR (Name): Plaintiff RUKIYA GORDON | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 42011 4th Street West<br>MAILING ADDRESS: Same as above<br>CITY AND ZIP CODE: Lancaster, CA 93534<br>BRANCH NAME: Michael Antonovich Antelope Valley Courthouse |
| Plaintiff/Petitioner: RUKIYA GORDON<br>Defendant/Respondent: AMPLITY HEALTH, et.al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>23AVCV01245 |

TO (insert name of party being served):    AMPLITY, INC.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 20, 2024

Steven Waisbren, Esq.             ▶
(TYPE OR PRINT NAME)            (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify):

   Notice of Case Assignment, Notice of Case Management Conference, Civil Case Cover Sheet, Civil Case Cover Sheet - Addendum, Alternative Dispute Resolution Information Package, Voluntary Efficient Litigation Stipulations

*(To be completed by recipient):*

Date this form is signed: February 27, 2024

Alexander J. Harwin for Lewis Brisbois Bisgaard & Smith, LLP    ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED)      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**CALIFORNIA STATE COURT PROOF OF SERVICE**
RUKIYA GORDON v. AMPLITY HEALTH, ET AL.
Antelope Valley Courthouse Case No. 23AVCV01245

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On February 27, 2024, I served true copies of the following document(s):  **NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT, NOTICE OF CASE ASSIGNMENT, NOTICE OF CASE MANAGEMENT CONFERENCE, CIVIL COVER SHEET, CIVIL CASE COVER SHEET-ADDENDUM, ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE, VOLUNTARY EFFICIENT LITIGATION STIPULATIONS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Steven Waisbren                              Attorneys for Plaintiff,
LAW OFFICES OF STEVEN WAISBREN      RUKIYA GORDON
5850 Canoga Avenue
Suite 400
Woodland Hills, California  91367
Tel:  (818) 710-7102
Fax:  (818) 532-1214
Email:  steve@waisbrenlaw.com

The documents were served by the following means:

☒      (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Elizabeth.Solidum@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 27, 2024, at Los Angeles, California.


_____
Elizabeth S. Solidum

# EXHIBIT "3"

1   **LEWIS BRISBOIS BISGAARD & SMITH** LLP
    ALEXANDER J. HARWIN, SB# 225254
2     E-Mail: Alexander.Harwin@lewisbrisbois.com
    MARY DANIEL, SB# 342143
3     E-Mail: Mary.Daniel@lewisbrisbois.com
    633 West 5th Street, Suite 4000
4   Los Angeles, California 90071
    Telephone: 213.250.1800
5   Facsimile: 213.250.7900

6   Attorneys for Defendant, Amplity, Inc.

7                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            MICHAEL ANTONOVICH ANTELOPE VALLEY COURTHOUSE

9

10  RUKIYA GORDON, an individual,              Case No. 23AVCV01245

11              Plaintiff,                     Assigned for All Purposes to the Hon. Daniel
                                               L. Alexander, Dept. A15
12          vs.
                                               **DEFENDANT AMPLITY, INC.'S**
13  AMPLITY HEALTH, an unknown business        **ANSWER TO PLAINTIFF RUKIYA**
    entity, AMPLITY, INC., a corporation and   **GORDON'S COMPLAINT**
14  DOES 1-10, DOES 11-20 and DOES 21-30,
    inclusive,                                 Action Filed:      10/31/2023
15                                             Trial Date:        None Set
                Defendants.
16

17

18

19

20  TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:

21          Defendant, Amplity, Inc. (which uses the trade name "Amplity Health" and hereinafter

22  referred to as "Defendant") hereby submits its answer to Plaintiff, Rukiya Gordon's unverified

23  Complaint.

24                                  **GENERAL DENIAL**

25          1.      Under the provisions of Section 431.30 of the California Code of Civil Procedure,

26  Defendant denies each, every, and all of the allegations of the Complaint and the whole thereof

27  and denies that Plaintiff has sustained damages in the sums alleged, or in any other sum, or at all.

28  / / /

136898575.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2.     Further answering the Complaint, and the whole thereof, Defendant denies that Plaintiff has sustained any injury, damage or loss, if any, by reason of any act or omission or negligence on the part of the Defendant.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

3.     The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(After-Acquired Evidence Doctrine)

4.     Defendant alleges that the Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

5.     Plaintiff's claims as set forth in the Complaint are barred by the equitable doctrine of laches by reason of her inexcusable and unreasonable delay in filing the Complaint and/or in providing notice of the disputes at issue to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

6.     Defendant is informed and believes and thereon allege that Plaintiff is estopped by her own conduct from asserting any and all claims she may have had against Defendant arising from the transactions and occurrences set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

7.     Certain of Plaintiff's claims are barred in whole or in part to the extent the events complained of took place more than one (1) year prior to the filing of Plaintiff's Complaint with the California Department of Fair Employment and Housing and/or one (1) year or two (2) years

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   prior to the filing of the Complaint in this action, pursuant to Government Code § 12965,

2   subdivision (b) and more than one (1) year, (3) years, or four (4) years prior to the filing of the

3   Complaint pursuant to Code of Civil Procedure §§ 338, 340, Business and Professions Code

4   section 17200, et seq., and Labor Code section 203.

5   ## SIXTH AFFIRMATIVE DEFENSE

6   (Plaintiff Did Not Sustain Any Damages)

7       8.    Defendant is informed and believes and thereon alleges that Plaintiff's claim for

8   prejudgment interest pursuant to Civil Code § 3288 is barred because Plaintiff sustained no

9   damages and Defendant paid Plaintiff all of the wages she was owed.

10   ## SEVENTH AFFIRMATIVE DEFENSE

11   (Satisfaction of Claim)

12       9.    Plaintiff is entirely, or alternatively, partially, barred from recovery in this action to

13   the extent that she has received any consideration from Defendant or from anyone else in

14   satisfaction of any purported claim against Defendant.

15   ## EIGHTH AFFIRMATIVE DEFENSE

16   (Contributory and/or Comparative Negligence)

17       10.    Defendant alleges that Plaintiff was partially, if not wholly, negligent or otherwise

18   at fault on her own part and should be barred completely and/or from recovery of that portion of

19   the damages directly attributable to their proportionate share of the intentional acts, negligence or

20   fault, pursuant to the doctrine of comparative negligence.

21   ## NINTH AFFIRMATIVE DEFENSE

22   (Waiver)

23       11.    Defendant is informed and believes and thereon alleges that Plaintiff has waived

24   any and all claims that she may have had against Defendant arising from the transactions and

25   occurrences set forth in the Complaint.  Subject to proof by discovery, some or all of the claims of

26   Plaintiff is barred in whole or in part because such claims have been waived, discharged,

27   abandoned, and/or released.

28   / / /



3

1            **TENTH AFFIRMATIVE DEFENSE**

2               (No Reasonable Belief)

3         12.      Plaintiff had no reasonable cause to believe any unlawful activity or alleged

4 violations of state or federal statutes, rule or regulation was committed by Defendant.

5           **ELEVENTH AFFIRMATIVE DEFENSE**

6        (Failure to Plead with Certainty and Particularity)

7         13.      The allegations of the Complaint, and each purported cause of action contained

8 therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous, and

9 unintelligible.

10           **TWELFTH AFFIRMATIVE DEFENSE**

11                (Standing)

12         14.      Defendant is informed and believes and, on that basis, alleges that Plaintiff lacks

13 standing to sue the Defendant as to the causes of action and penalties alleged.

14          **THIRTEENTH AFFIRMATIVE DEFENSE**

15            (Unintentional Conduct)

16         15.      Plaintiff's claims are barred, in whole or in part, because the retaliatory conduct

17 that Plaintiff allege were not intentional.

18          **FOURTEENTH AFFIRMATIVE DEFENSE**

19            (Good Faith Dispute)

20         16.      Plaintiff's Complaint, and each and every cause of action set forth therein alleged

21 against Defendant, is barred, in whole or in part, because actions taken with respect to Plaintiff's

22 employment, if any, were based on an honest, reasonable, and good faith belief in the facts as

23 known and understood at the time.

24          **FIFTEENTH AFFIRMATIVE DEFENSE**

25            (Unconstitutionality)

26         17.      The Complaint seeks damages not properly recoverable against Defendant or

27 constitutional.

28 / / /

136898575.1               4

**DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO
PLAINTIFF RUKIYA GORDON'S COMPLAINT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SIXTEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences/Lack of Reasonable Care)

18.    Plaintiff is precluded from asserting h Complaint, and each purported cause of action therein, because she failed to exercise reasonable care to avoid the injuries she purportedly suffered in that, among other things, Plaintiff unreasonably failed to utilize Defendant's internal complaint procedures.  Plaintiff had a duty to use such means as are reasonable under the circumstances to avoid or minimize the damages that result from statutory violations (if any).  To the extent there was any statutory violation (which is not admitted but considered solely for purposes of this affirmative defense), Plaintiff unreasonably failed to avoid or reduce harm.  This includes an obligation that if Plaintiff felt she was mistreated, Plaintiff had an obligation to utilize her employer's internal complaint procedures and timely bring that to the attention of a supervisor or a member of management so that if there was any violation, it would be promptly corrected and remedied and would not be allowed to repeat and recur.  Plaintiff is therefore barred from any recovery based on any harm that could have been reasonably avoided.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

19.    Defendant alleges based upon information and belief that Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

20.    If Plaintiff suffered any damages as a result of the facts alleged in the Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to Plaintiff's failure to make reasonable efforts to mitigate or minimize the damages incurred.

/ / /

/ / /

/ / /



136898575.1

5

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

(No Proximate Cause)

3    21.    Defendant alleges that any acts or omissions to act by Defendant was not the

4    proximate cause of any injury suffered by Plaintiff.

5

## TWENTIETH AFFIRMATIVE DEFENSE

6

(Unclean Hands)

7    22.    Plaintiff is barred from maintaining the Complaint and each purported cause of

8    action therein as a result of her unclean hands with respect to the events upon which the Complaint

9    and purported causes of action allegedly are based.  Specifically, Defendant is informed and

10   believes, and on that basis alleges that, Plaintiff and failed to follow certain policies and

11   procedures in her employment with Defendant.  Defendant is informed and believes and thereon

12   alleged that Plaintiff's conduct concerning the matters alleged in the Complaint constitutes

13   carelessness, negligence, misconduct and/or bad faith, or Plaintiff was otherwise at fault, and the

14   resulting injuries, if any, sustained by Plaintiff, were proximately caused and contributed to, in

15   whole or in part, by the conduct of Plaintiff and/or other third parties, thus barring or limiting

16   Plaintiff's right of recovery.

17

## TWENTY-FIRST AFFIRMATIVE DEFENSE

18

(No Vicarious Liability)

19   23.    Defendant cannot be vicariously liable for the alleged acts of Defendant's

20   employees and thus is not responsible for the causes of action asserted by Plaintiff.

21

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22

(No Adverse Employment Action)

23   24.    Plaintiff never suffered any adverse employment actions.

24

## TWENTY-THIRD AFFIRMATIVE DEFENSE

25

(Failure to Exhaust Administrative Remedies)

26   25.    Defendant alleges that Plaintiff's causes of action are barred as Plaintiff has failed

27   to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under the Fair

28   Employment and Housing Act ("FEHA"), California Government Code § 12940 et seq., the Equal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 Employment Opportunity Commission ("EEOC"), 42 U.S.C. § 2000e, et seq. (Title VII of the

2 Civil Rights Act of 1964 ("Title VII"), collective bargaining agreement, open door and dispute

3 resolution policy and/or any other applicable administrative remedy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Business Justification)

6 26. Defendant alleges that its activities undertaken with respect to Plaintiff, if any, were

7 justified as such activities were proper, fair, and legitimate business activities and/or due to

8 business-related reasons which were neither arbitrary, capricious nor unlawful.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(No Willful Conduct)

11 27. Even if Defendant engaged in the conduct alleged by Plaintiff, which allegations

12 Defendant denies, such actions or failure to act were not willful.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Attorneys' Fees and Costs)

15 28. Plaintiff's Complaint and each purported cause of action therein were not brought

16 in good faith and are frivolous. Therefore and pursuant to statute, the relief requested is precluded

17 and Defendant is entitled to recover its reasonable expenses, including attorney's fees, incurred

18 herein as a matter of law pursuant to this Court's inherent authority and California Code of Civil

19 Procedure § 128.7 and/or Government Code § 12956.

### TWENTY-SEVENTH AFFIRMATIVE ACTION DEFENSE

(Legitimate Non-Retaliatory Actions)

22 29. Plaintiff is barred from any recovery in the action because all of Defendant's

23 actions toward Plaintiff were taken for legitimate, non-retaliatory reasons.

### TWENTY-EIGHTH AFFIRMATIVE ACTION DEFENSE

(Open Door and Dispute Resolution Policy Controls)

26 30. Defendant is informed and believes and thereon allege that Plaintiff's Complaint,

27 and the purported causes of action alleged therein, are improper subjects of suit as the proper

28 forum for resolution and remedies for such causes of action, and each of them, are contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

136898575.1                                    7

**DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO PLAINTIFF RUKIYA GORDON'S COMPLAINT**

1   within the provisions of the policies of Defendant.  Specifically, Defendant is informed and

2   believes, and on that basis alleges that, Plaintiff failed to follow certain policies and procedures in

3   her employment with Defendant.

4                  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

5                     (No Ratification by Defendant)

6        31.     Defendant did not ratify the conduct alleged in the Complaint.  Specifically,

7   Defendant is informed and believes, and on that basis alleges that, Plaintiff failed to follow certain

8   policies and procedures in her employment with Defendant.

9                   **THIRTIETH AFFIRMATIVE DEFENSE**

10                     (Bad-Faith Claims)

11        32.     The allegations and claims asserted in the Complaint have always been, and

12   continue to be, frivolous, groundless, and without merit.  Plaintiff has brought this action in bad

13   faith.

14                 **THIRTY-FIRST AFFIRMATIVE DEFENSE**

15            (Actions Not Based on a Protected Characteristic)

16        33.     No protected characteristic was a factor(s) or consideration(s) in any decision made

17   by Defendant concerning any of Plaintiff's terms or conditions of employment..

18               **THIRTY-SECOND AFFIRMATIVE DEFENSE**

19                 (Willful Misconduct)

20        34.     The Complaint and each of its causes of action are barred by Plaintiff's willful

21   misconduct.

22                **THIRTY-THIRD AFFIRMATIVE DEFENSE**

23             (Isolated Incident or Incidents)

24        35.     Plaintiff is barred from recovery insofar as her claims are based upon an isolated

25   purported incident or incidents.

26   / / /

27   / / /

28   / / /



136898575.1

**DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO PLAINTIFF RUKIYA GORDON'S COMPLAINT**

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

(Offset)

3       36.      Any recovery by Plaintiff in this action must be offset by damages Plaintiff has

4   caused this Defendant.  Defendant intends to conduct discovery regarding this affirmative defense

5   and will present evidence at trial.  See also Weil & Brown, Cal. Practice Guide: Civil Procedure

6   Before Trial (2016) para. 6:447, p. 6-132.

7

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

8

(Plaintiff's Acts)

9       37.      Defendant alleges that Plaintiff's damages, if any, were caused by Plaintiff's own

10   intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

11

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

12

(Ratification)

13       38.      Defendant is informed and believes and thereon alleges that Plaintiff and/or any

14   agents of Plaintiff, at all times, gave her consent, welcomed conduct, express implied and/or

15   ratified the acts, purported omissions, representations, and/or other conduct of Defendant as

16   alleged in Plaintiff's Complaint.

17

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

18

(Superseding, Intervening Conduct of Third Parties)

19       39.      Plaintiff's alleged injuries or damages were proximately and legally caused by the

20   superseding and intervening conduct on the part of third parties, persons, and entities other than

21   Defendant and that, by virtue of said intervening and superseding conduct, Defendant has no legal

22   liability to Plaintiff herein.

23

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

24

(No Causation)

25       40.      Defendant's actions or omissions were not the cause of any of Plaintiff's alleged

26   injuries and damages.

27   / / /

28   / / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

136898575.1

9

1  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

2  (Defendant's Good-Faith Belief)

3  41.     Defendant is informed and believes, and thereon alleges, that the Complaint, and

4  each and every cause of action set forth therein alleged against Defendant, are barred, in whole or

5  in part, because actions taken with respect to Plaintiff's employment, if any, were based on an

6  honest, reasonable, and good-faith belief in the facts as known and understood at the time.

7  **FORTIETH AFFIRMATIVE DEFENSE**

8  (Conduct Outside Scope of Defendant's Control)

9  42.     The alleged conduct giving rise to Plaintiff's Complaint occurred outside the scope

10  of Defendant's control and/or supervision.

11  **FORTY-FIRST AFFIRMATIVE DEFENSE**

12  (Breach of Agreement, Covenant or Duty)

13  43.     Plaintiff's claims are barred in its entirety by the fact that Plaintiff breached any

14  agreement, contract, covenant, or duty which might be found to exist.

15  **FORTY-SECOND AFFIRMATIVE DEFENSE**

16  (Spoliation of Evidence)

17  44.     Defendant is informed and believes and thereon alleges that Plaintiff and/or her

18  agents failed to preserve evidence, and by way of spoliation of evidence, Plaintiff and/or her

19  agents have prevented and/or precluded the Defendant from properly investigating and preparing

20  an adequate defense to the matters herein alleged, all to the Defendant's irreparable damage,

21  thereby and thereupon providing a legal basis for relief, including her failure to timely disclose her

22  disputes, failure to follow certain policies and procedures in her employment with Defendant as

23  well as her failure to retain her cellular phone and electronic records which may undermine her

24  claims.

25  **FORTY-THIRD AFFIRMATIVE DEFENSE**

26  (Mistake of Fact or Law)

27  45.     Plaintiff's claims are barred by either a mistake of fact or a mistake of law or both.

28  / / /



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

136898575.1

10

**DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO
PLAINTIFF RUKIYA GORDON'S COMPLAINT**

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

46.    Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain and speculative to permit recovery.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Obligations)

47.    Plaintiff's Complaint is barred in its entirety by the fact that Plaintiff has not satisfied general statutory obligations imposed on employees under Labor Code sections 2850 2866 to, e.g., use ordinary care and diligence in following employer's directives.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

48.    Defendant alleges that Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in her respect is, and was, governed by the California Workers' Compensation Act, California Labor Code §§ 3200-4627.  See also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (2016) para. 6:438.5, p. 6-130.  .

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

49.    Defendant did not intentionally or recklessly discriminate, harass and/or inflict emotional distress or intentionally commit any other tort as alleged by Plaintiff..

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

50.    Defendant alleges that to the extent Plaintiff suffered any symptoms of mental or emotional distress or injuries, she was the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of the answering Defendant.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FORTY-NINTH AFFIRMATIVE DEFENSE

(Abandonment)

51.     Plaintiff's claims are barred, in whole or in part, because she resigned and/or abandoned her employment.

## FIFTIETH AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

52.     Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant, fails to state facts sufficient to recover punitive or exemplary damages or to show that Defendant was guilty of malice, oppression or fraud as required by California Code of Civil Procedure § 3294.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

(No Notice)

53.     Defendant alleges that Plaintiff's claims for relief including those under the Fair Employment and Housing Act are barred because Defendant had no notice of any alleged violation thereof.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

(Mixed Motive)

54.     Plaintiff is precluded from recovery of reinstatement, back pay or damages because of the mixed motive doctrine.  Harris v. City of Santa Monica, 56 Cal.4th 203, 232 (2013). Pursuant to Harris, which held that if Defendant wishes to assert the instant defense, Defendant must plead "that if it is found that its actions were motivated by both discriminatory and nondiscriminatory reasons, the nondiscriminatory reasons alone would have induced it to make the same decision."  Id. at 240.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

(Compliance with the Law)

55.     Defendant complied with all obligations under the law with respect to preventing discrimination and retaliation, and handling employee complaints of discrimination and retaliation.



## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Procedural Due Process)

56.     Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the rights of Defendant to procedural due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California and, therefore, fails to state a cause of action upon which punitive or exemplary damages may be awarded.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (No Injury)

57.     Plaintiff has not suffered any compensable injury as a result of Defendant's alleged actions or alleged actions attributable to them, and as a result, she is not entitled to an award for any such purported injuries.  Defendant is informed and believes that all alleged economic injuries are due to her malfeasance and/or pre-existing injuries.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (Actions Not Based on Protected Characteristic)

58.     No protected characteristic was a factor(s) or consideration(s) in any decision made by Defendant concerning any of Plaintiff's terms or conditions of employment.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Public Policy)

59.     The public policies cited by Plaintiff in the Complaint cannot serve as the foundation for a claim of wrongful termination in violation of public policy because it has never been recognized as public policies as defined in governing case law and are, in fact, inconsistent with the public policies which have been so recognized, or are not applicable to the Defendant.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Discrimination or Retaliation)

60.     Plaintiff is precluded from recovery of reinstatement, back pay or damages because Defendant did not authorize, direct, or participate in any alleged discriminatory or retaliatory conduct against Plaintiff on any protected basis.

/ / /



**DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO PLAINTIFF RUKIYA GORDON'S COMPLAINT**

1

## FIFTY--NINTH AFFIRMATIVE DEFENSE

2

(Undue Hardship)

3

61.     Plaintiff's claims are barred to the extent that any alleged "reasonable

4

accommodation" would cause an "undue hardship" on Defendant.

5

## SIXTIETH AFFIRMATIVE DEFENSE

6

(Health and Safety)

7

62.     Plaintiff is barred from recovering herein, in whole or in part, by reason of their

8

failure to perform their essential duties, even with reasonable accommodations, or cannot perform

9

those duties in a manner that would not endanger their health and safety or the health and safety of

10

others even with reasonable accommodation.

11

## SIXTY-FIRST AFFIRMATIVE DEFENSE

12

(Compliance with The Fair Employment and Housing Act)

13

63.     Defendant engaged in a timely, good faith, interactive process with Plaintiff to

14

determine if an effective reasonable accommodation was available.

15

## SIXTY-SECOND AFFIRMATIVE DEFENSE

16

(Essential Functions)

17

64.     Plaintiff's claims are barred in whole or in part because Plaintiff was not able to

18

perform the essential functions of the job.

19

## SIXTY-THIRD AFFIRMATIVE DEFENSE

20

(CFRA Exhaustion)

21

65.     Plaintiff is not entitled to California Family Rights Act ("CFRA") leave, or Plaintiff

22

has exhausted all CFRA and/or Family and Medical Leave Act ("FMLA") leave to which they are

23

entitled.

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO
PLAINTIFF RUKIYA GORDON'S COMPLAINT**

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

(Plaintiff's Claimed Disability Not a Factor)

66.     Defendant is informed and believes and thereon alleges that any recovery in Plaintiff's Complaint or any purported cause of action alleged therein is barred because Plaintiff's claimed disability was not a factor or consideration in any decision made by Defendant concerning any of Plaintiff's terms or conditions of employment.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

(No Knowledge or Notice of Disability)

67.     Defendant is informed and believes and thereon alleges that Plaintiff's claims for relief pursuant to FEHA are barred because Defendant did not have knowledge or notice of Plaintiff's claimed disability at the time of any adverse employment action.

**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

(Reasonable Accommodations)

68.     Defendant maintains that it made all accommodations that were reasonably necessary to accommodate Plaintiff's claimed disability.

**SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

(Unknown Defenses)

69.     Defendant is informed and believes and thereon alleges that it may have other separate and/or additional defenses of which it is not aware, and hereby reserves the right to assert them by amendment to this Answer as discovery continues.  Such reservation is consistent with Harris v. City of Santa Monica, 56 Cal.4th 203, 232 (2013) ("Harris").  Pursuant to Harris, if Defendant wishes to assert the instant defense it must do so in order to preserve it.  Id. at 240.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by way of the Complaint or any of her purported claims for relief;

2.      That the Complaint be dismissed with prejudice in its entirety;

/ / /



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.     That Plaintiff is denied each and every demand and prayer for relief contained in the Complaint;

4.     That judgment be entered in favor of Defendant;

5.     That Defendant be awarded its reasonable attorneys' fees and costs of the suit incurred herein pursuant to section 218.5 of the California Labor Code, or to the extent otherwise permitted by law; and

6.     That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  February 27, 2024                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   _____
      ALEXANDER J. HARWIN
      Attorneys for Defendant, Amplity, Inc.



136898575.1

16

**DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO PLAINTIFF RUKIYA GORDON'S COMPLAINT**

1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
RUKIYA GORDON v. AMPLITY HEALTH, ET AL.

2
Antelope Valley Courthouse Case No. 23AVCV01245

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4        At the time of service, I was over 18 years of age and not a party to this action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

5

6        On February 27, 2024, I served true copies of the following document(s):  **DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO PLAINTIFF RUKIYA GORDON'S COMPLAINT**

7

8        I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

9   Steven Waisbren                              Attorneys for Plaintiff,
LAW OFFICES OF STEVEN WAISBREN        RUKIYA GORDON

10   5850 Canoga Avenue
Suite 400

11   Woodland Hills, California  91367
Tel:  (818) 710-7102

12   Fax:  (818) 532-1214
Email:  steve@waisbrenlaw.com

13

        The documents were served by the following means:

14

15   ☒        (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Elizabeth.Solidum@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

16

17

18        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20        Executed on February 27, 2024, at Los Angeles, California.

21

22                                        _____

23                                        Elizabeth S. Solidum

24

25

26

27

28



136898575.1                              17
**DEFENDANT AMPLITY, INC.'S HEALTH'S ANSWER TO PLAINTIFF RUKIYA GORDON'S COMPLAINT**