**LAW OFFICES OF STEVEN WAISBREN**
STEVEN WAISBREN, ESQ. (SBN 116315)
E-Mail: steve@waisbrenlaw.com
5850 Canoga Ave., Suite 400
Woodland Hills, California  91367
Telephone:  (818) 710-7102
Facsimile: (818) 532-1214

Attorneys for Plaintiff Rukiya Gordon

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEXANDER J. HARWIN, SB# 225254
E-Mail: Alexander.Harwin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, Amplity, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RUKIYA GORDON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMPLITY HEALTH, an unknown business entity, AMPLITY, INC., a corporation and DOES 1-10, DOES 11-20 and DOES 21-20, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-01614-MWF-MAA<br><br>**JOINT RULE 26(f) REPORT**<br><br>Trial Date:    None Set<br><br>Date:  April 22, 2024<br>Time:  11:00 a.m.<br>Dept.  5A |

Pursuant to the Court's March 20, 2024 Order Setting Scheduling Conference,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

counsel submit their Joint Rule 26(f) Report as follows:

### a.   Statement of the Case:

On October 31, 2023, Plaintiff Rukiya Gordon ("Plaintiff"), by and through her attorney, filed a civil action against Amplity, Inc. and Amplity Health [which is a brand name of Amplity, Inc.] in the Superior Court of the State of California for the County of Los Angeles, entitled *Rukiya Gordon v. Amplity Health, et al.*, Case No. 23AVCV01245 ("Complaint").

Plaintiff alleges Defendant Amplity, Inc. ("Defendant") terminated her because she refused to obtain the Covid 19 vaccination due to her valid religious beliefs and medical limitations.

Plaintiff contends that reasonable accommodations were available, at the very least, in the form of a remote position, but Defendant ultimately refused to offer that position to Plaintiff.  In addition, Plaintiff contends that the interview process for the remote position was merely a ploy to obtain information, through the use of improper and illegal questions, to undermine any claims of legitimate exemptions to which Plaintiff was entitled.

Defendant disputes Plaintiff's claims.  Defendant employed Plaintiff as a pharmaceutical sales representative.  Her job duties required her to meet with medical practices in-person.  Defendant's clients required pharmaceutical sales representatives to be vaccinated.  Defendant attempted to accommodate Plaintiff.  Unfortunately, Defendant did not possess a position for Plaintiff to transfer into.

### b.   Subject Matter Jurisdiction

Defendant removed the case to this Court on the basis of Diversity Jurisdiction. Plaintiff Rukiya Gordon, at the time this action was commenced, was and still is a citizen of the State of California.  Defendant, at the time this action was commenced, was and still is a Corporation, formed under the laws of New Jersey, with its principal place of business in Pennsylvania.  The amount in controversy exceeds $75,000.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**c.     Legal Issues:**

Plaintiff contends that Defendant violated numerous anti-discrimination statutes which were enacted to protect against, among other things, religious and disability discrimination.   Plaintiff was entitled to both medical and religious exemptions with respect to the Covid 19 vaccination.  Reasonable accommodations were available and applicable.

Defendant contends it did not violate the discrimination laws at issue.  Neither Plaintiff nor Defendant anticipate any unusual procedural, substantive, or evidentiary issues at this time.

**d.     Parties, Evidence, etc.**

**1.  Parties**

Plaintiff Rukiya Gordon is a natural person, who is and was at all relevant times hereto, a citizen of the State of California, residing in the County of Los Angeles.  At all relevant times hereto, Plaintiff was an employee of Defendant.

Defendant Amplity, Inc. is a New Jersey corporation with its principal place of business in Pennsylvania.

**2.  Non-Party Witnesses**

The Parties anticipate the following witnesses may be called, without prejudice to presenting other witnesses which may become relevant as discovery proceeds:

- Person Most Knowledgeable from Amplity, Inc.
- Rukiya Gordon
- Expert witnesses
- Paul-William DeSilva
- David Hutton
- Ben Lee
- Erica Smith
- Tom Dominy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138951708.1

3

JOINT RULE 26(f) REPORT

1    -   Amy Baskin

2    -   Hon Tran

3    Plaintiff is aware of at least four additional witnesses at this time, but she cannot

4 recall their specific identities.  They will be identified no later than the date set for the

5 Rule 26(a)(1) initial disclosures.

6    **e.    Damages:**

7    Plaintiff estimates that her base hard number damages are $270,000.00.  This

8 is inclusive of all back pay, including benefits, from the date of her termination

9 (January 31, 2022) through the date of this scheduling conference.  This figure does

10 not include front pay, attorney's fees, emotional distress damages, costs, and punitive

11 damages, all of which are viable and subject to proof at the time of trial.  Overall,

12 Plaintiff's claim for damages at trial, excluding punitive damages, will be at least

13 $500,000.00.

14    **f.    Insurance:**

15    Defendant has insurance coverage.  Defendant is unaware of whether there is a

16 reservation of rights at this time.

17    **g.    Motions:**

18    Defendant anticipates that it will file a motion for summary judgment. The

19 parties do not anticipate any other motions (other than motions in limine) at this time,

20 but reserve the right to do so if it becomes appropriate in light of discovery.

21    **h.    Manual for Complex Litigation:**

22    There are no applicable procedures in the Manual for Complex Litigation to be

23 used here.

24    **i.    Status of Discovery:**

25    Formal discovery has yet to commence.  It is anticipated that discovery will

26 commence no more than thirty (30) days from the date of this joint report.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138951708.1                                          4
JOINT RULE 26(f) REPORT

**j.**      **Discovery Plan:**

     *1.  Rule 26(a) Disclosures:*

The parties request the Court set May 10, 2024 as the deadline to serve initial disclosures.

     *2.  Subjects on Which Discovery Will be Conducted:*

The parties anticipate conducting the following discovery:

<u>**By Plaintiff:**</u>

Plaintiff intends to conduct discovery to obtain evidence in support of her claims of disability and religious discrimination.  This will include, among other areas of inquiry, the Defendants' stated v. actual reasons for Plaintiff's termination from employment, the facts surrounding Defendants' efforts to identify and secure accommodations, reasonable or otherwise, to allow Plaintiff to continue her employment with Defendants, the extent of Defendants' knowledge and intentions with respect to Plaintiff's employment and termination, the amount of damages Plaintiff has sustained, and any evidence that Defendants acted with malice, oppression or fraud.

Plaintiff intends to depose the person(s) most knowledgeable at Amplity, Inc., as well as all other percipient witnesses identified by Defendant.  Plaintiff also intends to conduct written discovery, within any and all statutory limitations and any orders of this Court.

Plaintiff does not believe that any discovery limitations are necessary or appropriate beyond those enumerated in Rule 26(b)(1).

Plaintiff also requests that the parties agree to produce the initial disclosure documents, as opposed to merely describing them, as permitted by Rule 26(a)(1)(A)(ii).  Counsel will discuss whether a stipulation on that disclosure can be reached.

<u>**By Defendant:**</u>

Defendant will conduct discovery into Plaintiff's supporting evidence and

damage mitigation efforts.  Defendant will seek information regarding other positions Plaintiff has applied for, if Plaintiff secured new employment at any of the positions she applied for, any educational opportunities sought by Plaintiff, and Plaintiff's plans for future employment.

Defendant believes the court should limit discovery to the proportional needs of this case.  Defendant proposes the Court limit discovery pursuant to Rule 26(b)(1) which limits discovery to the proportional to the needs of the case limiting the number of depositions, interrogatories, and production requests.

At this time, Defendant intends to depose Plaintiff and any percipient witnesses she identifies.

**k.  Discovery Cut-off:**

See Schedule of Pretrial and Dates form, attached as Exhibit "A."

**l.  Expert Discovery:**

See Schedule of Pretrial and Dates form, attached as Exhibit "A."

**m. Dispositive Motions:**

Defendant anticipates that it will file a motion for summary judgment and potentially a motion for judgment on the pleadings.  At this time, Plaintiff is not aware of any issues or claims that may be determined by a motion for summary judgment, motion for judgment on the pleadings, or any other dispositive motions.

**n.  Settlement/Alternative Dispute Resolution (ADR):**

The parties will use the services of a private mediator to mediate the case.

**o.  Trial Estimate:**

The parties anticipate a seven to nine day jury trial.  At this time, Plaintiff anticipates that she will call at least five witnesses, and most likely more.  Defendant anticipates calling six witnesses.

However, the parties reserve the right to amend the number of witnesses at the time of trial, as well as the estimated time of trial, depending upon the results of the parties' discovery efforts.



1   **p. Trial Counsel:**

2       ***1. Plaintiff's Trial Counsel***

3   Steven Waisbren

4       ***2. Defendant's Trial Counsel***

5   Alexander Harwin

6   **q. <u>Independent Expert or Master:</u>**

7      The parties do not believe that an independent expert/master is needed on

8   this matter.

9   **r. <u>Timetable:</u>**

10  Please see Exhibit "A."

11  **s. <u>Other Issues:</u>**

12  Unknown at this time.

13

14  DATED:  April 10, 2024     LAW OFFICES OF STEVEN WAISBREN

15

16

17           By:   *<u>/s/ Steven Waisbren</u>*

18             STEVEN WAISBREN
           Attorneys for Plaintiff, Rukiya Gordon

19

20  DATED:  April 15, 2024     LEWIS BRISBOIS BISGAARD & SMITH LLP

21

22           By:   *<u>/s/ Alexander J. Harwin</u>*

23             ALEXANDER J. HARWIN
           Attorneys for Defendant, Amplity, Inc.

24

25

26

27

28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

JUDGE MICHAEL W. FITZGERALD
SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:24-cv-01614-MWF-MAA |
|---|---|
| Case Name | Rukiya Gordon v. Amplity, Inc. |

| Matter | | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| [ X ] Jury Trial  *or*  [   ] Court Trial **(Tuesday at 8:30 a.m.)**<br><br>Duration Estimate: 7-9 Days | | 4/15/2025 | 4/15/2025 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)**<br><br>Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | | 3/18/2025 | 3/18/2025 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | 36 | 8/5/2024 | | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 12/10/24 | 12/10/24 | |
| Expert Disclosure (Initial) | 22 | 11/14/2024 | 11/14/2024 | |
| Expert Disclosure (Rebuttal) | 18 | 12/12/2024 | 12/12/2024 | |
| Expert Discovery Cut-Off | 14 * | 1/16/2025 | 1/16/2025 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 1/16/2025 | 1/16/2025 | |
| Last Date to Conduct Settlement Conference | 12 | 1/2/2025 | 1/2/2025 | |
| For Jury Trial<br>, File Memorandum of Contentions of Fact and Law, LR 16-4<br>, File Exhibit and Witness Lists, LR 16-5.6<br>, File Status Report Regarding Settlement<br>, File Motions *In Limine* | 6 | 3/4/2025 | 3/4/2025 | |
| For Jury Trial<br>, Lodge Pretrial Conference Order, LR 16-7<br>, File Agreed Set of Jury Instructions and Verdict Forms<br>, File Statement Regarding Disputed Instructions, Verdicts, etc.<br>, File Oppositions to Motions *In LImine* | 5 | 3/11/2025 | 3/11/2025 | |
| For Court Trial<br>, Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | 3/25/2025 | 3/25/2025 | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.  ADR [LR 16-15] Selection:
  Attorney Settlement Officer Panel        [x] **Private Mediation**        Magistrate Judge (with Court approval)        **EXHIBIT A**